Lane, C. J.
This will, reduced to its simplest terms, contains the following provisions:
1. A devise of real and personal property to Christian King ;
2. After his death, to the heirs of his body ;
3. But if he die leaving no heirs of his body, then to be divided equally among his sisters’ children.
If Christian took an estate in fee, the lands descended to his heirs general, charged with his debts, and the personalty belongs to the administrator.
*472 If he took an estate-tail, the land at his death, by our statute of entailmenb, (Swan’s Stat. 319,) belongs to the heirs of his body in fee, 471] and the personalty, not being the subject of entailment, *was held absolutely by him, and now belongs to his administrator.
If he took an estate for life, the land at his death passed to the heirs of his body in fee, and the personalty may likewise pass to them, by way of remainder, unless the will contain other provisions, which make the title absolute in the first holder.
We are led at once to Shelley’s case for the law which governs this. The rule, although not now applicable to wills, taking effect since 1840, (Swan’s Stat. 999, § 47,) is, in all other respects, a rule of property in Ohio. McFeely’s Lessee v. Moore’s Heirs, 5 Ohio, 465.
The rule is, where a freehold is limited to one for life, and, by the same instrument, the inheritance is limited, either mediately, or immediately, to his heirs, or to the heirs of his body, the first taker takes the whole estate, either in fee simple or in fee tail; and the words, “ heirs,” or “ heirs of his body,” are words of limitation, and not words of purchase.
This will contains the essential elements by which the limitation of the estate it creates are subjected to the operation of this rule. We-'find a legal freehold in the devisee — a legal estate in his heirs, limited by way of remainder,- in the same instrument, aud the rule, if it applies, gives to Christian King an estate in fee, or in tail.
The counsel of William and Flora King appeal to other considerations to escape from these consequences. In our endeavor to grasp these principles, while exploring fields beyond our common studies, where the foundations, as well as the superstructure of reasoning, are so artificial and so nice, we have found what we had a right, and felt it a privilege to expect, that in the magnum mare of law, which the hooks contain upon the rule of Shelley, few points can arise which have not been the subject of positive adjudication.
First: The will does not assume to give the property to Christian, except only “ to be used by him while he lives,” and it is thence inferred that he has a life estate only. But it has been determined that 472] a declaration in the limitation, that the ^estate is given “ for life,” or for life only,” or “ for life and no longer,” will not prevent the application of the rule. Roe v. Bedford, 4 Maule & Sel. 362 ; Robinsun v. Robinson, 2 Ves. Jun. 225 ; 1 Bur. 38 ; 3 Brown, P. C. 180 ; Doe v. Cooper, 1 East, 229.
Second; Reliance is placed upon the use of the word, “ heir or *473 heirs,” in the will, as indicating a particular person, and not a class, or a line of descent; but the authorities preclude any such inference. C. J. Eyre, in Dubber v. Trollope, Ambler, 453, says “ the word ‘ heir,’ in the singular number, is all one with the word ‘ heirs.’ ” In Richards v. Lady Bergaveny, 2 Vernon, 324, it is said that “ a devise to a man, and the heir of his body, though in the singular, or to the issue of his body, is an estate-tail.” The same principle is entertained in Pansey v. Lowball, Styles, 249 : 2 Roll. 194 ; Whiting v. Wilkins, 1 Bulstrode, 219 ; Miller v. Seagrave, Roberts’ Gavelkind, 96.
Third : The devise over to the children of Ish and Cassell, in equal shares, is adverted to, as giving character to the limitation to the heirs of Christian. It is urged, that since the testator has manifested his intention to give the estate to his sisters’ children, in the event of a want of heirs of Christian’s body, it implies a corresponding intention of selecting Christian’s children as the object of his bounty, and that the phrase “ heirs of his body ” is used by him to designate them as persons, and not to define their ancestor’s estate. If the phrase used were children, instead of heirs, and the terms of limitation had been to A for life, remainder to his children and their heirs, and in default of A’s issue, a limitation over, the children of A would take a contingent remainder, as purchasers, and if the contingency of the last limitation were not too remote, the objects of the last limitation would take a second contingent remainder. Goodright v. Dunham, Doug. 264. But a devise to A for life, and “ if he die without issue,” or “ without leaving Issue,” or, “ in default of issue,” then over, has been repeatedly held to be controlled by the Shelley rule, and the estate of A would be not for life, but of inheritance. Sylvester v. Wilson, 2 Term R. 444. Earth v. Baldwin, 2 Ves., jun., 646. *Doe v. Smith, [473 7 Term R. 531. Bennett v. Earl of Tankerville, 19 Ves., jun., 170.
Fourth: The expressed intention of the testator, that if Christian die without heirs of his body, the estate shall then vest in his sisters’ children, does not exempt the devise from the operation of the rule, or render Christian’s estate for life only. In Doe v. Goldsmith, 7 Taunt. 209, where the terms of limitation were ‘‘ to A for life, and to the heirs of his body, in such shares as he shall appoint, and in default of such heirs of his body, then, from and immediately after his decease,” over, the estate of A was adjudged an estate-tail.
Fifth : We are not able to infer any modification of the rule, from the change of tenure, which our statute of entailments has made. Swan’s Stat. 319. The statute prescribes the manner of holding, not *474 the rule of transmitting, lands, and, in our opinion, offers no means to explain the donor’s intention.
The objections, therefore, to the application of the Shelley rule, appear to us to be overruled, chiefly by positive decisions ; and those terms of the will which give the property to Christian, and to the heirs of his body, create in him an estate-tail. In expressing this result, I am laying out of view, for the present, those expressions in the will which are relied upon to enlarge Christian’s estate to a fee si mple. The consequence of this opinion, upon the land, is to vest in the heirs of Christian’s body, on his death, an absolute fee, by the operation of our statute of entailments. But the will gives to Christian the entire property of the personalty; for estates-tail exist in lands only, (Blk. Com. 398) and the property can not pass by way of remainder, for the same words of the same sentence of the same bequest, conveying property of both classes, will not receive different meanings from the court. Attorney General v. Hall, Fitzgibbon, 314. The application, therefore, of William and Flora King, to obtain a transfer of the bank stock, will not be sustained.
To determine the right of the administrator to sell the land for debts, it becomes necessary to examine the nature of Christian King’s 474] interest yet further. We find the testator, by the *will, gives Christian “ all his property,” “ to be used by him without any reservation, while he lives.” But in his further dispositions, he only bequeaths “ the property which might be considered mine, and of which the said Christian may be seized at the time of his decease.” We have here no artificial or arbitrary rules of construction to guide us to the testator’s meaning, and we are at no loss to discover that it was his actual intention to confer upon Christian the absolute power of disposition while he lived, and that he intended the secondary limitations to operate upon those portions of his estate, only, which the first object of his bounty had chosen to leave untouched. But where the entire dominion of an estate is given, a power to alien and dispose, as well as a power to consume or use, it implies 'the absolute property. The law does not permit the donor to annex inconsistent conditions, but such restraints are repugnant and void. Co. Lit. 223 ; 2 Preston’s Est. 3 : 1 Hilliard’s Abr. 30. Attorney General v. Hall, Fitzg. 114 ; 5 Mass. 504; 2 Hilliard’s Abr. 7. This principle seems decisive of the present case. The estate of Christian King is a fee, and the limitations over are void. The subsequent limitations are not defeated, because the estate in fee is first given expressly, and not by impliea *476 cation ; but because, where the absolute dominion has once been conferred, cither expressly or by implication, all attempts to restrain its exercise, are repugnant, and can not be sustained.
The administrator may take a decree upon these principles.
Decree accordingly.