Garrison v. The People.

WILLIAM H. GARRISON, PLAINTIFF IN ERROR, v. THE PEO-
PLE OF THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Courts:** POWER OF DISTRICT COURT. In the year 1875, G. was
indicted for rape. The court fixed the amount of bail required
of the accused, and the cause was continued until the next term.
In 1876 the cause, on motion of the accused, was continued un_
til the next term. At the next term of the court, held in 1877,
the accused filed a plea in abatement, alleging that there was no
record of the finding of the indictment against him. The judge
who held court at the time the indictment was found had ceased
to be judge of the district court, and had failed to sign the jour-
nal of the court. The presiding judge of said court in the year
1877 ordered an entry conforming to the facts to be made on
the journal of the court, showing that an indictment had been
found against the accused. *Held,* That the court had authority to
make such entry.

2. ——: ——. The entire purpose of entering orders or judg-
ments as of a prior date is to supply matters of evidence. Where
it is clear that an order or judgment was in fact rendered, but
through the inadvertance or negligence of the clerk was not en-
tered upon the journal, the court has authority to order it to be
supplied.

3. ——: ——. NUNC PRO TUNC ORDER. But the failure of the
court to act does not authorize the entry of a *nunc pro tunc* order
or judgment. If no order or judgment was in fact rendered, the
court cannot treat such defect as a clerical error.

4. ——: ——. AMENDMENT OF RECORDS. Courts retain au-
thority over their records after the entry of judgment, and pos-
sess authority to supply a record which has been lost or destroyed,
and in doing so must be governed by the rules of evidence. A
court may amend its record to correspond with the facts, and
this may be done from the judge's notes, or any other satisfactory
evidence.

5. **Rape:** DEFINITION OF. Rape is defined to be the unlawful
carnal knowledge by a man of a woman *forcibly* and *against* her
will.

6. ——: ASSAULT WITH INTENT TO COMMIT RAPE. To constitute an
assault with intent to commit a rape there must have been an
intent to commit a rape, and that intent must have been mani-

fested by an assault for that purpose upon the person intended to be ravished. Both of these ingredients are necessary to constitute the offense.

7. ———: WITNESS. The injured party is a competent witness, but her credibility must be submitted to the jury. Where the jury are satisfied beyond a reasonable doubt from the testimony of the prosecutrix alone of the guilt of the accused, they will be justified in returning a verdict of guilty.

8. Practice: EXCEPTIONS TO INSTRUCTIONS. Exceptions to instructions to be available must be taken at the time the instructions claimed to be erroneous are given; exceptions cannot be taken before.

9. ———: JOINDER OF COUNTS IN AN INDICTMENT. It is proper in an indictment to join a count for an assault to commit a rape with a count for rape itself.

10. ———: EVIDENCE. Where evidence of good character is before the jury it is their duty to give it such weight as they think it is entitled to. It is the province of the jury to weigh the evidence and determine the facts, and they should be left as free and untrammelled to give such weight to the evidence of good character as they are in relation to other facts.

11. ———: ———. In the absence of evidence to the contrary the law presumes every one innocent. And this legal presumption of innocence is a matter of evidence to the benefit of which the party accused is entitled.

ERROR from the district court of Fillmore county. Tried below before WEAVER, J. The opinion states the case.

*James Laird* and *C. Maxam Northrup*, for plaintiff in error.

I. It was error on the part of the district court to overrule the plea in abatement.

1. The court can amend an irregularity, but cannot amend to confer jurisdiction. *Hallett v. Righters*, 13 Howard Pr., 43, 46.

2. All records of judgments should show jurisdiction of the person on their face. Nothing can be intended

in their favor on the question of jurisdiction. *Thacker v. Powell*, 6 Wheaton, 127. *Smith v. Fowle*, 12 Wend., 11. *Borden v. Fitch*, 15 Johnson, 141. *Bigelow v. Stearns*, 19 Johnson, 39.

3. It is well settled that the record cannot be amended after the term on parol proof of what was done. There must be something in the record to amend by. *Moody v. Grant*, 41 Miss., 565. *Russell v. McDougall*, 3 S. and M. (Miss.), 247.

4. Clerical errors and no others can be amended by order of court. The statute of amendments does not apply to criminal cases, hence the common law rule prevails. *Young v. State*, 6 Ohio, 439. *Hunt v. Yeatman*, 3 Ohio, 16. *Torbet v. Coffin*, 6 Ohio, 34. *Moore v. Brown*, 10 Ohio, 197.

5. The doctrine is that in no case can the proceedings of a former term be amended unless there is something in the record to amend. Clerical errors cannot be corrected at a subsequent term from the memory of the judge, or from evidence filed in the cause; they can be corrected only by proceedings of record. " It is apparent in this case that the endorsement by the court was not a record, but merely a memorandum." *Boon v. Boon*, 8 S. and M. (Miss.), 318. *Burney v. Boyett*, 1 Howard (Miss.), 41. *Russell v. McDougall*, 3 S. and M., 234.

6. The power of the court to amend a record after the term extends only to mere clerical errors. *DeCastro v. Richardson*, 25 Cal., 49. *Bodine v. Swisher*, 66 Ill., 536.

II. Refusal of the court to charge twentieth instruction as requested by defendant, and charging the same as changed is error. To commit an assault with intent to commit a rape the defendant must intend to consummate the offense by force, and not to tempt the prosecutrix to consent. *Regina v. Hallet*, 9 C. and P., 748–9.

*State v. Murphy*, 6 Ala., 765. *Pleasant v. State*, 8 English (Ark.), 360. *Smith v. State*, 12 O. St., 470. Russell on Crimes, 7 Ed., 693 to 697.

III. Refusal of the court to charge the fourth and ninth instructions, as requested by defendant, is error. " Carnal knowledge " is equal in meaning with " sexual intercourse." Penetration and emission are both necessary to constitute rape. *Blackburn v. State*, 22 Ohio State., 110. *Williams v. State*, 14 Ohio, 222.

IV. It would be dangerous to convict in any case, as a general rule, on the testimony of the prosecutrix without corroboration. *Johnston v. State*, 17 Ohio, 593. *Laughlin v. State*, 18 Ohio, 99. Gen. Stat., sec. 475, Criminal Code.

*George H. Roberts, Attorney General* (with **whom** was *W. H. Morris*), for the State.

I. It is competent for courts, where things have been done by the court, that can only be evidenced by the record, and where, by the omission of the clerk, the entry has not been made, to supply proof by a *nunc pro tunc* entry. *Bradford v. Watts*, Wrights R., 496. *Moore v. Brown*, 10 Ohio, 199. *Young v. Ohio*, 6 Ohio, 437. Powell on Appellate Proceedings, note 4 in appendix. The court may direct a record to be made by the clerk from the minutes and files where no record exists, and the court may amend the record in criminal cases. *Mahan v. Ohio*, 10 Ohio, 234. Strange, 842. 2 Hawkin's Pleas, 25, § 129, page 278. More especially is this the case if there is anything in the records or proceedings to amend by. The fact that the clerk did not perform his entire duty in making up the record cannot deprive parties of their rights, even although he should entirely fail

to make up a record; such neglect would not affect those interested in the matter decided if sufficient could be found upon the files and books of the court to show what had been done. *Newnam's Lessee v. City of Cincinnati*, 18 Ohio, 331. Powell on Appellate Pro., § 72, p. 174.

Every court of record has ample power, even after a suit is determined, to amend its own record—that is, the journal or memorial of its own proceedings kept by the court or its clerk—by inserting what has been omitted, or striking out what may have been erroneously entered; for every court of record is entrusted with the very responsible duty of keeping it faithfully, and making it *speak the truth*, as it imports absolute verity, and cannot be collaterally called in question, and the record so amended stands as if it never had been defective. *Phillips v. Higdon*, Busbee, 382. *Galloway v. McKeithen*, 5 Ire. (Law), 12.

II.  But one question raised by plaintiff in error is of importance to the public, *i. e.*, whether in a prosecution for rape it is necessary to prove emission the same as other facts. If the fact were not presumed, penetration being proved, it would seem impossible of proof, since if the female could testify to the fact, it would disprove the crime, and in case of a child the victim could know nothing of such a thing, and it is difficult to know of any other witness who could testify to that fact. The essence of the crime is not the fact of intercourse, but the injury and outrage to the modesty and feeling of the female by means of the carnal knowledge effected by force, and it seems the injury and outrage to the female would not be lessened, nor public safety and morals preserved, because a man failed fully to accomplish his design. As far as the female is concerned, the outrage is complete, whether emission takes place or not.  *Cross-*

*well v. People*, 13 Mich., 433. 2 Bish. C. L., § 944. Green. Ev., § 210. *People v. McDonald*, 9 Mich., 150. *People v. Barton*, 1 Wheeler C. C., 379.

MAXWELL, J.

At the June term, 1875, of the district court for Filmore county, an indictment for rape was found against the plaintiff. The indictment contained three counts: *First*, Charging that the plaintiff did carnally know and abuse one Charlotte A. Simmons, a female child under the age of ten years, with her consent. *Second*, That William H. Garrison on the first day of May, 1874, in and upon one Charlotte A. Simmons, did unlawfully, etc., ravish and carnally know her, she being a female child other than the daughter or sister of him, etc. *Third*, That William H. Garrison on the first day of April, 1875, upon one Charlotte A. Simmons did unlawfully, etc., make an assault, etc., with an intent to ravish and carnally know her.

The plaintiff was acquitted on the first and second counts of the indictment, but was convicted on the third count thereof, and was sentenced to five years imprisonment in the penitentiary.

At the June term, 1875, of said court, the presiding judge endorsed upon the indictment the amount of bail to be given by the plaintiff, and the indictment was filed; *but the journal failed to show that an indictment had been found*. At the next term of court held in June, 1876, the plaintiff was arraigned and plead not guilty, and on his motion the cause was continued. At the June term, 1877, the defect in the record was discovered, at which time the judge presiding at the time the indictment was found had ceased to be judge of the district court. The journal of the court not having been corrected in open court and signed by him, the court,

in June, 1877, ordered the following entry to be made in the journal: "And now on this twentieth day of May, 1875, the grand jury heretofore duly chosen, selected, empaneled, and sworn, came into open court in charge of a sworn officer, and being called in open court each answered to his name, and the jury all being present returned into open court, and by their foreman, as a true bill, did present an indictment by the people of the state of Nebraska against William H. Garrison, charging said William H. Garrison with the crime of rape; also with the crime of an assault with intent to commit rape. And afterwards, to-wit, on the twentieth day of May, 1875, there was filed in the office of said clerk an indictment in the words and figures following, and endorsed as appears in the following, to-wit," etc.

This amendment of the record is assigned for error.

In *Bradley v. Smith*, 6 Ohio, 497, the court say: " The docket kept by the presiding judge contains his original minutes of the doings of the court. We see no impropriety in that court in correcting the mistakes of the clerk in transcribing these minutes."

In *Mahan v. The State*, 10 Ohio, 234, the court say: " Clerical omissions, in criminal cases, are amendable at common law, and the same rule prevails in civil cases."

In *Hollister v. Judges of the District Court*, 8 Ohio State, 202, it was alleged that the judge of the court of common pleas, who presided at the term of the district court held in April, 1855, had improperly stricken out of a bill of exceptions, outside of the court room, after the final adjournment of the court, certain material words. In a proceeding to compel the judges to amend the bill of exceptions by inserting therein the words so stricken out, the defendants answered that the official terms of two of the judges who held said terms of court had expired, and that the judges then holding the district court knew nothing about the facts in relation to

said alteration. The court held this no legal excuse for not correcting the record. That the personal knowledge of the court is not essential to the correction of a clerical error, as he has power to inquire into the matter and inform himself by competent evidence, and act upon that as he acts upon proofs given in court in the performance of other judicial acts. In *Mayo v. Whitson*, 2 Jones' Law Rep., 231, where it was objected, upon a motion to amend a record, that it was not a motion to amend but to make a record, and that there was nothing in the record to amend by, the court held: "This idea is founded in mistake. The petition is not to amend the record of the order (which was wholly omitted in the record) but to amend the record of the court of that term, by now causing to be put upon it that which was at the time ordered by the court but omitted by the clerk."

The entire purpose of entering orders or judgments as of some prior date, is to supply matters of evidence. The failure of a court to act does not authorize the entry of a *nunc pro tunc* order or judgment. If no order or judgment was in fact rendered, the court cannot treat such defect as a clerical error. But when it is clear that an order or judgment was in fact rendered, but was not entered upon the journal through the inadvertance or negligence of the clerk, the court has authority to order it to be supplied. In such a case the record is merely amended by inserting in the memorial of the proceedings of the court that which has been omitted therefrom. Courts retain authority over their records after the entry of the judgment. They possess authority to supply a record which has been lost or destroyed, and in doing so must be governed by the rules of evidence. This power authorizes the court to amend its record to correspond with the *facts*, and this may be done upon the judges' notes or any other satisfactory evidence. Amendment of the record has been more frequently exercised in civil

than in criminal cases, but no good reason exists why it should not apply to both classes alike. The court therefore did not err in permitting the entry to be made.

As the jury acquitted the plaintiff on the first and second counts of the indictment it is unnecessary to review the instructions upon those counts. The court instructed the jury that before they could find the plaintiff guilty as he stands charged in the third count of the indictment they "must be satisfied beyond a reasonable doubt that the defendant (plaintiff in error) intended to consummate the offense by force and not to tempt the prosecutrix to consent." This is assigned for error.

Section fourteen, chapter IV, of the criminal code, provides that: " If any person shall assault another with intent to commit a murder, rape, or robbery upon the person so assaulted, every person so offending shall be imprisoned in the penitentiary not more than fifteen nor less than two years." Rape is defined to be the unlawful carnal knowledge by a man of a woman, *forcibly* and *against* her will. 1 East P. C., 434. 1 Bishop C. L. Sec. 1,113. *Smith v. The State*, 12 Ohio State, 470.

The general rule is well settled that the woman must oppose the act, and that if she in any manner favor it the party accused cannot be convicted of rape. The exceptions to the rule are where the woman is *non compos*, or has been reduced to a state of insensibility and violated while in that condition, and cases where consent has been induced by fears of personal violence.

To constitute the crime charged in the third count of the indictment there must have been an intent to commit a rape, and that intent must have been manifested by an assault for that purpose upon the person of the prosecutrix. Both of these ingredients are necessary to constitute the offense. An assault in such a case may imply force upon one side and a want of assent upon the other. *Smith v. The State*, 12 Ohio State, 473.

The court further instructed the jury that in order to convict the prisoner they must be satisfied beyond a reasonable doubt that he did use force, and that against the will of the prosecutrix, in an attempt to have sexual intercourse with her. Taking the instructions upon this branch of the case together they state the law fully and correctly.

The plaintiff asked the court to instruct the jury that they could not convict him of the crime charged, upon the unsupported testimony of the prosecutrix, which was refused. This is assigned for error. The injured party in such case is a competent witness, but her credibility must be left to the jury. If, however, the jury are satisfied beyond a reasonable doubt from the testimony of the prosecutrix alone of the guilt of the accused they will be justified in returning a verdict of guilty. Indeed, in many if not in most cases it would be impossible to convict except upon such testimony. But it is well to remember the observation of Lord Hale, that the accusation is easily made, hard to be proved, and still harder to be defended by one ever so innocent. 1 Hale Pl. Cr., 635. 3 Greenleaf, Ev., sec. 212.

Ordinarily there are circumstances connected with such cases, where the party claiming to be injured appears as a witness for the prosecution, which tend to esstablish or disprove the charge, and thereby strengthen or diminish the credit to be given by the jury to such testimony.

It is objected that the several paragraphs of the instructions were not numbered as required by the statute. This objection is purely technical, particularly in this case, where the instructions were properly prepared in paragraphs and filed with the clerk before being read to the jury. The exceptions written on the margin of the first paragraph are as follows: " Excepted to by defendant *before given* as not being numbered," " and excepted to

by defendant before given." The exceptions to other paragraphs are in the following words: " Excepted to by defendant before given," " and excepted to before given because not numbered." How long before the instructions were given the exceptions were taken does not appear. The rule is well settled that exceptions to be available, must be taken *at the time* the erroneous instructions are given. In any event they cannot be taken before. The object of the law in requiring objections to be made at the time the instructions are given is to enable the court to correct an erroneous expression, or to explain or qualify it in such a manner as to make it wholly unobjectionable. *Ex parte Crane*, 5 Peters, 197. *Kline v. Wynne*, 10 Ohio State, 230. In this case, had the objection been made at the proper time undoubtedly the court would have numbered the instructions as required by the statute, but the objection must be considered as waived.

Objection is made that the court overruled the motion of the plaintiff to require the prosecuting attorney to elect upon which count in the indictment he would prosecute the action. It is a sufficient answer to this objection to say that it is proper to join a count for assault with an intent to commit a rape with a count for rape itself. *Harman v. Com.*, 12 Serg., & Rawle, 69. *Buck v. The State*, 2 Har., & John, 426. *State v. Coleman*, 5 Porter, 52. *State v. Gaffney*, Rice, 431. *Stevens v. State*, 11 Geo., 227. 2 Whart., Cr. Law, section 1153.

Upon the question of character the court instructed the jury as follows: "The accused has called witnesses to prove his good character for morality and virtue or chastity; the same is before you pertinent and proper. And the evidence that the prisoner possessed a good character for virtue may be relied on to raise a doubt of his guilt sufficient to acquit him, which, without such

proof, would not have existed." Whatever may have been the rule heretofore, it is now well settled that in a direct prosecution for a crime, the party accused is allowed to give in evidence his general character upon the particular trait which is in issue. The object of laying it before the jury is to induce them to believe it improbable that a person of good character would have conducted himself as charged. 3 Greenleaf Ev., section 25.

Judge Cooley, in the case of *The People v. Garbutt*, 17 Mich., 9, 7 Am. Law Reg., 563, says: "Good character is an important fact with every man, and never more so than when he is put on trial, charged with an offense which is rendered improbable in the last degree by an uniform course of life wholly inconsistent with any such crime. There are cases where it becomes a man's sole dependence, and yet may prove sufficient to outweigh evidence of the most positive character." Where evidence of good character is before the jury, it is their duty to give it such weight as they think it is entitled to. It is the province of the jury to weigh the evidence and determine the facts, and they should be left as free and untrammeled to give such weight to the evidence of good character as they are in relation to other facts.

The court further instructed the jury: "And if after you shall have carefully examined the evidence in this case, you shall be able *to reconcile it with the innocence of the prisoner*, it will be your duty, as no doubt it will be your pleasure, to acquit him." In the absence of evidence to the contrary the law presumes every one innocent. And this legal presumption of innocence is a matter of evidence, to the benefit of which the party accused is entitled. Where the accused sets up no defense of distinct and independent facts, but relies upon the plea of not guilty, the burden of proof is on the

state to satisfy the jury of his guilt. The instruction complained of fully recognizes this rule, and the language in which it is couched is supported by the authorities. *The People v. Videto*, 1 Parker Cr. Reports, 610.

For these reasons the judgment of the court below is affirmed.

JUDGMENT AFFIRMED.

