JOHN OLESON, PLAINTIFF IN ERROR, V. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Rape.**  To constitute the crime of rape, where it appears that at the time of the alleged offense the prosecutrix was conscious and had the possession of her natural mental and physical powers, and was not terrified by threats or in such position that resistance would be useless, it must appear that she resisted to the extent of her ability.

2. ———: EVIDENCE. In a prosecution for rape the prosecutrix may be asked whether she made complaint of the injury ; but the particulars, when not a part of the res gestæ, are not evidence of the truth of her statement, and cannot be given as evidence in chief.

ERROR from the district court for Lancaster county. Tried below before POUND, J.

*M. H. Sessions* and *A. G. Scott*, for plaintiff in error.

*C. J. Dilworth*, for defendant in error.

MAXWELL, CH. J.

The plaintiff was convicted of rape at the October, 1880, term of the district court of Lancaster county,

and sentenced to imprisonment in the penitentiary for three years. There are seventeen assignments of error, but two of which will be considered. It is objected that the verdict is not sustained by sufficient evidence. The only testimony to establish the charge is that of Barbara Kastel, the prosecuting witness.

In the case of *Garrison v. The People*, 6 Neb., 283, it was held that where the jury are satisfied beyond a reasonable doubt of the guilt of the accused from the testimony of the prosecuting witness alone, they will be justified in returning a verdict of guilty, as in many, if not most cases, it would be impossible to convict except upon such testimony. But by this it is not meant that the jury are bound to believe the unsupported testimony of the prosecuting witness and return a verdict of guilty. The accusation is easily made, and difficult to be defended against by one ever so innocent. Ordinarily there are circumstances connected with each case which tend to establish or disprove the charge, and thereby strengthen or diminish the credit to be given by the jury to the testimony of the prosecuting witness.

In the case of the *People v. Morrison*, 1 Parker Cr. Reports, 625, it is said, to constitute the crime there must be unlawful and carnal knowledge of a woman by force, and against her will. * * *
* * The prosecutrix, if she was the weaker party, was bound to resist to the utmost. Nature had given her hands and feet with which she could kick and strike, teeth to bite, and a voice to cry out; all these should have been put in requisition in defense of her chastity." Id.

In the *People v. Dohring*, 59 N. Y., 374, it is held that "in order to constitute the crime of rape of a female over ten years of age, when it appears that at the time of the alleged offense she was conscious,

had the possession of her natural mental and physical powers, was not overcome by numbers, or terrified by threats, or in such place or position that resistance would have been useless, it must also be made to appear that she did resist to the extent of her ability at the time, and under the circumstances."

In the case of *People v. Benson*, 6 Cal., 221, it is said: "That there was no outcry, though aid was at hand, and the prosecutrix knew it; that there was no immediate disclosure; that there was no indication of violence on her person, and that the act was committed at a time and under circumstances calculated to raise a doubt as to the employment of force, are put as strong circumstances of defense, not as conclusive, but as throwing a doubt upon the assumption that there was a real absence of assault."

In *Whitney v. The State*, 35 Ind., 506, the court say: "In prosecutions for this crime the best of judges of ancient and modern times have laid down certain tests by which to be governed in ascertaining the truthfulness of the party preferring the charge. They concur in saying that her evidence should be carefully considered; and if the witness be of good character; if she presently discovered the offense, and made search for the offender; if the party accused fled for it; these and the like are concurring circumstances which will give greater probability to her evidence. But on the other hand, if she be of evil fame, and stand unsupported by the testimony of others; if she concealed the injury for any considerable time after she had an opportunity to complain; if the place where the act was alleged to have been committed were such that it was possible she might have been heard, and she made no outcry; these and the like circumstances carry a strong but not conclusive presumption that her testimony is false or feigned."

In the case at bar, the offense is alleged to have been committed about ten o'clock at night, in the shanty in which the prosecutrix resided in the city of Lincoln. Several neighbors resided within hearing distance, but she made no outcry. Her clothes were not torn, nor were there any marks of violence on her person to indicate a struggle, although there is some testimony showing there was a slight mark upon her neck; but she seems to have testified on the preliminary examination that there were no such marks. Taking the testimony of the prosecutrix as true, and it fails to show such resistance on her part as will warrant a conviction for rape.

The state, over the objection of the accused, was permitted to prove by Mrs. Mulrooney and Mrs. Criks what the prosecutrix had told them on the day after the commission of the alleged offense in regard to it. Greenleaf thus states the rule in regard to such admissions: "Though the prosecutrix may be asked whether she made complaint of the injury, and when and to whom; and the person to whom she complained is usually called to prove that fact, yet the particular facts which she stated are not admissible in evidence, except when elicited in cross-examination, or by way of confirming her testimony after it has been impeached. On the direct examination the practice has been merely to ask whether she made complaint that such an outrage had been perpetrated upon her, and to receive only a simple yes or no. Indeed the complaint constitutes no part of the *res gestæ;* it is only a fact corroborative of the testimony of the complainant; and when she is not a witness in the case is wholly inadmissible." 1 Greenleaf Ev., sec. 213.

The testimony referred to was not competent as evidence in chief to prove the commission of the offense, and the court below erred in admitting it for

that purpose.    The particulars, when not a part of the
*res gestæ*, are not evidence of the truth of the statement
of the prosecutrix, and cannot be enquired into in her
examination-in-chief, or proved by other testimony ex-
cept in corroboration.    *Johnson v. The State*, 17 Ohio,
593.    *Baccio v. The People*, 41 N. Y., 265.    *Lacy v.
The State*, 45 Ala., 80.    *The People v. McGee*, 1 Denio,
19.    *Stephens v. The State*, 11 Geo., 225.

It is unnecessary to notice the other errors assigned.
The judgment of the district court is reversed and the
case remanded for further proceedings.

REVERSED AND REMANDED.