WILLIAM HENDERSON V. STATE OF NEBRASKA.

FILED NOVEMBER 19, 1909. No. 16,219.

1. **Rape: EVIDENCE.** In prosecutions for rape, where the defendant testifies and unequivocally denies committing the offense, the testimony of the prosecutrix as to the main fact must be corroborated to uphold a conviction.

2. ———: ———. In such a case, after the prosecutrix has testified to a commission of the offense, it is competent to prove in corroboration of her testimony as to the main fact that, recently after

the alleged outrage, she made complaint to those to whom a statement of such an occurrence would naturally be made; but on direct examination such testimony should be confined to the bare fact that complaint was made, and details of the event, including the identity of the person accused, are not proper subjects of inquiry, unless the complaint was a spontaneous unpremeditated statement so closely connected with the act as to be part .of the *res gestæ.*

3. ———: INSTRUCTIONS. In the trial of a case for rape, it is error for the court to inform the jury that such complaint is a corroborating circumstance, but the jury should be permitted to give it such weight in that regard as to them may seem proper.

4. Cases Distinguished. *Fitzgerald v. State*, 78 Neb. 1, and *Mott v. State*, 83 Neb. 226, distinguished.

ERROR to the district court for Grant county: JAMES R. HANNA, JUDGE. *Reversed.*

*W. A. Prince*, for plaintiff in error.

*William T. Thompson, Attorney General*, and *George W. Ayres, contra.*

ROOT, J.

Plaintiff in error was convicted in the district court for Grant county of the crime of rape, charged to have been committed upon one Emma C. Biles, forcibly and against her will. Henderson testified in his own behalf, and admitted the fact of sexual intercourse, but stated that it was with the woman's consent. The woman made complaint to her husband about 20 hours after the event, and they were permitted, over ·defendant's objections, to testify to that fact. The court instructed the jury that, unless the prosecutrix was corroborated upon material points, they ought not to convict the defendant. Instruction numbered 12 was also given, and is as follows: "The jury are instructed that, if you believe from the evidence that the prosecuting witness told her husband of the assault alleged to have been made on her, at the earliest opportunity, then that is a corroborating circumstance tending to sustain the truth of her statements."

Defendant urges that the court thereby invaded the province of the jury, and that in no event could the prosecutrix by any act or statement of her own corroborate her testimony as to the criminal act. *Fitzgerald v. State,* 78 Neb. 1, is cited by the defendant. In that case the defendant was not arrested until after the prosecutrix gave birth to an illegitimate child, and theretofore she had made no complaint. The only evidence purporting to corroborate the prosecutrix was proof that about the time she became pregnant she was frequently in defendant's company. It was properly held that a conviction could not be sustained upon that state of facts because of the lack of corroborative evidence. *Mott v. State,* 83 Neb. 226, is also cited. In that case the prosecutrix made no complaint until in an advanced state of pregnancy. Upon a consideration of all of the facts in that case, it will be understood that the point now considered was not involved. The gist of that decision is that the testimony of the prosecutrix concerning independent collateral facts will not be received in corroboration of her testimony relative to the main fact. It was furthermore held that the evidence was insufficient to sustain the verdict.

In *Garrison v. People,* 6 Neb. 274, we held that it was not error for the court to refuse to instruct the jury that it could not convict the defendant upon the unsupported testimony of the prosecutrix. In *Mathews v. State,* 19 Neb. 330, the attention of the profession was drawn to the fact that in *Garrison v. People, supra,* a bill of exceptions of the evidence had not been preserved, and that it was not intended in that case to hold that a conviction of rape would be sustained upon the testimony of the prosecutrix, if her sworn statements were disputed by other testimony, and "there were no marks upon her person or clothing showing a recent struggle, *or no complaint as soon after the occurrence as an opportunity offered.*" In *Murphy v. State,* 15 Neb. 383, the prosecutrix testified that the defendant, a colored man in her husband's employ, came into her room as she was packing a trunk, and ravished her.

She made no complaint until after arriving in Burlington, Iowa, the next day.   It was held that it was for the jury, in the light of explanatory evidence submitted by the state, to say whether her complaint under all of the circumstances should be considered in corroboration of the main fact testified to by her.  In *Wood v. State,* 46 Neb. 58, it was held that such testimony may be received in corroboration of the main fact.  So, also, in *State v. Meyers,* 46 Neb. 152, we held that such testimony may be received as corroborative, but not independent, evidence of the main fact.   This view of the law is fully sustained in a discussion of the subject written by the lamented Maxwell, for many years a member of this court.   32 Cent. Law J. 102.   But, while the injured female is permitted to show by her own testimony and that of others cognizant of the fact that she made complaint, we do not think that the details thereof, when not part of the *res gestæ,* should be received on her direct examination or as part of the state's case in chief.   In *Oleson v. State,* 11 Neb. 276, we accepted with approval Professor Greenleaf's definition of the law of this subject; that is to say, that the prosecutrix may only be asked "whether she made complaint that such an outrage had been perpetrated upon her, and to receive only a simple yes or no."  In *Wood v. State, supra,* Judge Irvine, in his inimitable manner, discusses the philosophy of the rule, and it may be said to be well established in the jurisprudence of this state.   It is possible that counsel in their ardor may succeed in inducing the trial court to permit the prosecutrix and those to whom she makes her statement to give the details thereof, on the theory that thereby they are simply testifying to her *complaint,* but a discriminating examination of our decisions upon that subject will instruct the student that, where the complaint did not form part of the *res gestæ* of the transaction, the fact of the complaint, but not its details, may be shown on direct examination in the state's case in chief. *Regina v. Osborne,* Car. & Mar. (Eng.) *622; *Bray v. State,* 131 Ala. 46; *Thompson v. State,* 38 Ind. 39; *Stevens*

*v. People,* 158 Ill. 111; *State v. Daugherty,* 63 Kan. 473; *Johnson v. State,* 21 Tex. App. 368; *State v. Niles,* 47 Vt. 82; *Brogy v. Commonwealth,* 10 Grat. (Va.) 722; *Stephen v. State,* 11 Ga. 225; *Commonwealth v. Phillips,* 162 Mass. 504. Of course, if the defendant desires to draw out the facts on cross-examination of the witness, he may do so, and in that event the ordinary rules governing the redirect examination of witnesses will apply. The time that elapsed between the alleged commission of the offense and the making of the complaint will not, as a matter of law, always control the admissibility of the testimony. *State v. Niles, supra; Murphy v. State,* 15 Neb. 383.

Counsel for defendant cite Iowa decisions, but they have reference to a statute which provides that a defendant cannot be convicted of rape unless the prosecutrix "be corroborated by other evidence tending to connect the defendant with the commission of the offense." In the application of that statute, the courts of our sister state hold that the prosecutrix cannot by her own testimony furnish that corroboration. Proving that the prosecutrix has been ravished and establishing that a defendant is the guilty man are very different propositions, and evidence tending to corroborate one fact does not necessarily nor logically confirm the other. We recognize the distinction, and, in the absence of a statute on the subject, hold that the unsupported testimony of the prosecutrix may be sufficient to identify the guilty party if the commission of the offense has first been established. *Younger v. State,* 80 Neb. 201. In Iowa it is held that evidence to the effect that the prosecutrix did make complaint corroborates her testimony concerning the main fact. *State v. Peterson,* 110 Ia. 647; *State v. Carpenter,* 124 Ia. 5; *State v. Ralston,* 139 Ia. 44. In the instant case the fact that the prosecutrix made complaint to her husband may or may not tend to support her testimony that she had been ravished, and the court should have permitted the jury to say whether that fact corroborated her or not. The jury should not have been told that testimony *is* corrobo-

rative. The jury, with propriety, might have been told that, if they found from the evidence that the prosecutrix made timely complaint to her husband, they might consider that fact in connection with the other facts and circumstances established by the evidence, in ascertaining whether the woman had been corroborated in her sworn statement that she had been ravished. From a consideration of the authorities heretofore cited, it will also be apparent that the state ought not to have been permitted to prove by Mr. Biles, over defendant's objections, the details of the woman's complaint. In *Younger v. State,* 80 Neb. 201, the statement made by the prosecutrix was part of the *res gestæ,* and therefore not within the general rule. As there must be a new trial of this case, we refrain from commenting upon the evidence.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

LETTON, J., concurring.

I concur. I think it was error to give the fourteenth instruction, which is identical with the one which was given in *Cardwell v. State,* 60 Neb. 480, because, while applicable to the facts in that case, it is not at all applicable to the facts in this.

Further, I am of the opinion that the evidence does not sustain the verdict.

FAWCETT, J., concurs.