STATE PERSONNEL BOARD — WITNESS FEES AND MILEAGE NOT PAID Oklahoma State Personnel Board. Since no funds are appropriated to the State Personnel Board for the purpose of paying witness fees and mileage to individuals served by the Board with a subpoena, the State Personnel Board is not required to pay such witness fees and mileage. The Attorney General has considered your letter in which you, in effect, ask: Is the State Personnel Board required to pay witness fees and mileage to persons served by the Board with a subpoena? You refer to an opinion of this office dated November 14, 1960, and directed to the State Personnel Board in which we held that the State Personnel Board is not authorized or required to pay mileage to persons served with a subpoena. You correctly note that the statutes regarding payment of witnesses have been amended since that opinion was issued. Title 74 O.S. 815 [74-815] (1961), reads as follows: "The members of the State Personnel Board and the Personnel Director shall have power to administer oaths, subpoena witnesses and compel the production of books and papers pertinent to any investigation or hearing authorized by this Act. Any person who shall fail to appear in response to a subpoena or to answer any question or produce any books or papers pertinent to any such investigation or hearing or who shall knowingly give false testimony therein shall be guilty of a misdemeanor." Title 12 O.S. 390 [12-390] (1969) states: "A witness shall not be obliged to attend for examination on the trial of a civil action except in the county of his residence or a county adjoining the county of his residence, nor to attend to give his deposition out of the county where he may be when the subpoena is served upon him, except in cases where a witness has been subpoenaed by any state department, board, commission or legislative committee authorized by law to issue subpoenas; such witness shall be required to attend in obedience to such subpoena at the time and place within this state set out therein. Provided however, that the deposition of a party or witness from an adjoining county shall be admissible in evidence." Title 12 O.S. 391 [12-391] (1961), reads as follows: "A witness may demand his traveling fees and fee for one day's attendance when the subpoena is served upon him; and if the same be not paid, the witness shall not be obliged to obey the subpoena. The fact of such demand and nonpayment shall be stated in the return, provided, however, that witnesses subpoenaed by any such State department, board, commission or legislative committee shall be paid their attendance and necessary travel, as provided by law for witnesses in other cases, at the time their testimony is concluded out of funds appropriated to any such State department, board, commission or legislative committee." (Emphasis Added) Title 12 O.S. 400 [12-400] (1961), states: "At the commencement of each day after the first day, a witness may demand his fees for that day's attendance in obedience to a subpoena; and if the same be not paid, he shall not be required to remain, except witnesses subpoenaed by any State department, board, commission or legislative committee authorized by law to issue subpoenas shall be paid for their attendance and necessary travel as provided by law in other cases at the time their testimony is completed." Title 28 O.S. 81 [28-81] (1969), sets out the fees to be paid witnesses for attendance and necessary travel. We have been unable to find any authority construing any of the above-quoted statutory provisions. It has been said that the cardinal rule of construction of statutes is that the intention of the legislature must govern, and that to ascertain the intent, all the various provisions of legislative enactments upon the particular subjects should be construed together and given effect as a whole. Bd. of Educ. of Oklahoma City v. State Bd. of Educ.,197 Okl. 141, 169 P.2d 795 (1946). With those principles in mind, we must interpret the above-quoted statutory provisions to mean that the State Personnel Board has the power to subpoena witnesses; that such witnesses are required to attend in obedience to a subpoena; that such witnesses are entitled upon conclusion of their testimony to payment for their attendance and necessary travel. However it would appear that the clear intent of the legislature provides that a State department, board, commission or legislative committee shall pay traveling fees to witnesses only where funds are appropriated to such State department, board, commission or legislative committee for that purpose. We find no such appropriation by the legislature to the State Personnel Board. Therefore it is the opinion of the Attorney General that since no funds are appropriated to the State Personnel Board for the purpose of paying witness fees and mileage to individuals served by the Board with a subpoena, the State Personnel Board is not required to pay such witness fees and mileage. (Tim Leonard)