SAMUEL WOOD v. STATE OF NEBRASKA.

FILED OCTOBER 1, 1895. No. 7699.

1. **Rape: EVIDENCE.** While in a prosecution for rape, or an assault with intent to commit rape, the state may only inquire of the prosecutrix whether she made complaint of the injury, and when and to whom, but not as to the particular facts which she stated, still the defense, in cross-examination, may inquire as to such particular facts.

2. ———: ———: REVIEW: UNFOUNDED ASSIGNMENTS OF ERROR. In a prosecution for an assault upon a girl under the statutory age of consent, with intent to commit a rape, whether the girl consented or resisted is immaterial, and to constitute the offense it is, therefore, unnecessary to prove that the defendant intended to use force if necessary, to overcome her resistance.

ERROR to the district court for Lancaster county. Tried below before TIBBETS, J.

*Alex. Altschuler* and *J. C. McNerny*, for plaintiff in error.

*A. S. Churchill, Attorney General,* and *W. S. Summers, Deputy Attorney General,* for the state.

IRVINE, C.

The plaintiff in error was convicted in the district court of Lancaster county on an information charging him with making an assault upon one Louisa Schrader, a female child nine years of age, with intent to commit a rape upon her person.   The prosecutrix had testified that immediately after the alleged assault she had made complaint thereof to her mother.   On cross-examination she was asked, " What did you tell your mother when you went out there?" This question was objected to, as incompetent and immaterial, and the objection was sustained.   An offer was then made by the defendant to prove that prosecutrix had made statements to her mother differing from the testimony she had given upon the stand, and the objection being repeated, was again sustained.   In excluding this evidence on cross-examination we think the learned district judge erred. Whether in the examination in chief the particulars of the complaint may be elicited, or whether the state is restricted to a general inquiry as to the fact that a complaint was made, is a question upon which the authorities are not harmonious.   In *Regina v. Walker*, 2 Moody & R. [Eng.], 212, Baron Parke said: " The sense of the thing certainly is, that the jury should, in the first instance, know the nature of the complaint made by the prosecutrix, and all that she then said.   But, for reasons which I never could understand, the usage has obtained that the prosecutrix's counsel should only inquire, generally, whether a complaint was made by the prosecutrix of the prisoner's conduct towards her, leaving the counsel of the latter [evidently meaning the prisoner's] to bring before the jury the particulars of that complaint by cross-examination." This view has been taken by some courts whose decisions are entitled to the highest respect, and among authors it has received the approval of the late Justice Stephen. These authorities place the admissibility of such testimony

on the ground that it constitutes a part of the *res gestœ*. The prevailing doctrine, however, is that stated by Professor Greenleaf (3 Greenleaf, Evidence, sec. 213), as follows: "Though the prosecutrix may be asked whether she made complaint of the injury, and when and to whom, and the person to whom she complained is usually called to prove that fact, yet the particular facts which she stated are not admissible in evidence, except when elicited in cross-examination, or by way of confirming her testimony after it has been impeached. On the direct examination, the practice has been merely to ask whether she made complaint that such an outrage had been perpetrated upon her, and to receive only a simple yes or no. Indeed, the complaint constitutes no part of the *res gestœ*; it is only a fact corroborative of the testimony of the complainant; and, where she is not a witness in the case, it is wholly inadmissible." This is the view which has been taken in this state. (*Oleson v. State*, 11 Neb., 276.) But it will be observed that Professor Greenleaf, in stating the more restricted doctrine, unmistakably implies that the particulars of the complaint may be brought out on cross-examination, and this seems to be the view taken wherever the restricted doctrine prevails, although in the reported cases the rule in regard to cross-examination is for the most part stated under circumstances which render it, strictly speaking, *obiter*. (*Scott v. State*, 48 Ala., 420; *Barnett v. State*, 83 Ala., 40; *State v. Richards*, 33 Ia., 420; *State v. Jones*, 61 Mo., 232; *Regina v. Walker*, *supra; State v. Langford*, 45 La. Ann., 1177.) In the absence of direct authority, and even if the general rule were not always stated with a qualification as to cross-examination, we think that the admission of the particulars of the complaint on cross-examination is in harmony with the general principles of evidence.

The plaintiff in error requested the following instruction, which was refused: "You are further instructed that you

must further find from the evidence beyond a reasonable
doubt, before you can convict the defendant, that the de-
fendant must have intended to use whatever force was
necessary to overcome her resistance and compel her to
submit to his passions, to make out the crime of an assault
with intent to commit rape." The refusal of this instruc-
tion is assigned as error, and *Skinner v. State,* 28 Neb.,
814, is cited in support of the assignment; but *Skinner v.
State* was the case of a charge of rape upon a woman of
mature years, where the element of force would have been
an essential ingredient of the consummated offense. By
our statute (before the amendment of 1895), the carnal
knowledge, with her consent, of any female child under the
age of fifteen years constituted a rape when the offender
was of the age of eighteen or upwards, and an assault by
such a person upon a female child under fifteen, with an
intent to carnally know her, was an assault with intent to
commit a rape, regardless of her consent. (*Davis v. State,*
31 Neb., 247; *Head v. State,* 43 Neb., 30.) Under the
charge contained in this information, it was, therefore, un-
necessary to establish an intent to use force if necessary to
overcome the will of the child, and the instruction was
properly refused.

The other assignments of error relate to matters which
may be deemed accidental to the former trial, and not in-
herent in the case itself, and will not, therefore, be consid-
ered, except in one respect. It is assigned that the verdict
is not sustained by the evidence, and in support of this as-
signment it is, among other things, suggested that the state
failed to prove the venue. The evidence shows, without
contradiction, that the offense, if any were committed, oc-
curred in the home of the prosecutrix's parents. The
mother of the prosecutrix was asked: "Mrs. Schrader,
where do you live?" A. "Eleven miles east; ten miles
east and one mile north." Q. "Is your place in Lancaster
county, Nebraska?" A. "Yes, sir." The first question

asked the father was as follows: "Mr. Schrader, where do you live?" To which he answered: "Lancaster county, Nebraska." There is no contrary evidence, and the venue was, therefore, fully proved. We refer to this assignment merely for the purpose of saying that it is one which should not be made. Unfounded assignments of this character presumably cost counsel some effort. They certainly occupy the time of the court, and they avail nothing.

REVERSED AND REMANDED.