## PHILIP HUBERT V. STATE OF NEBRASKA.*

### FILED JUNE 22, 1905.  No. 14,096.

1. **Rape.** Sections 11 and 12 of the criminal code describe three classes of crimes, each of which is totally distinct from the other two. By section 11 it is declared to be unlawful for any person to have carnal knowledge of his daughter or sister forcibly and against her will. By the first clause of section 12 the act of having forcible carnal knowledge of any woman or female child, other than a daughter or sister, is denounced as a crime; and by the second clause sexual intercourse with a female child under the age of eighteen years, without force and with her consent, is forbidden.

2. **An** information for the crime of rape under the first clause of section 12 must charge that the act was done with force and against the will or consent of the prosecutrix.

3. **An** information for the crime of rape under the second clause of said section must charge the person upon whom the offense was committed as being a female child under eighteen years of age, and the accused as being a male person of the age of eighteen years or over; and, in case the prosecutrix is over fifteen years of age, her previous chastity must be alleged.

4. **Evidence.** The state, on the trial of such a case, should not be permitted to introduce evidence of acts of the accused, and statements alleged to have been made by him, which do not tend to corroborate the evidence of the prosecutrix, or impeach or discredit his own testimony.

ERROR to the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Reversed.*

*Billingsley & Greene* and *R. H. Hagelin,* for plaintiff in error.

*Norris Brown, Attorney General,* and *W. T. Thompson,* contra.

BARNES, J.

Philip Hubert, who will hereafter be called the plaintiff, was convicted in the district court for Lancaster county

---

* Rehearing denied.  See opinion, page 226, *post.*

of the crime of statutory rape, and from a judgment sentencing him to be confined in the state penitentiary for the period of six years he prosecutes error.

The information on which he was tried, omitting the formal parts, reads as follows: "That Philip Hubert, late of the county aforesaid, on the 4th day of August, A. D. 1904, in the county of Lancaster and state of Nebraska, aforesaid, then and there being, did feloniously and unlawfully in and upon one Lilian Harding, a female child under the age of eighteen years, to wit, the age of fifteen years, and previously of chaste character, then and there being, feloniously did make an assault, and her the said Lilian Harding, then and there wickedly, unlawfully and feloniously did carnally know and abuse." Plaintiff first filed a motion to quash the information; later on demurred to it; thereafter objected to the introduction of any evidence on the part of the state because, as he alleged, the information did not state facts sufficient to constitute a crime; and after conviction, before sentence, he filed a motion in arrest of judgment for the same reason. So it appears that at the outset he objected to the sufficiency of the information, and has at all times kept his objection good. His first contention now is that the information is not sufficient to charge him with the crime of which he was convicted. As counsel for both the plaintiff and the state have given this question the most attention, we will, at the outset, give it our careful consideration.

Section 11 of the criminal code provides: "If any person shall have carnal knowledge of his daughter or sister, forcibly and against her will, every such person so offending shall be deemed guilty of a rape, and shall be imprisoned in the penitentiary during life." The plaintiff was not prosecuted under this section, therefore it will receive no further consideration, and is quoted only for the purpose of being referred to in the discussion which follows. Section 12 of the criminal code reads as follows: "If any person shall have carnal knowledge of any other woman or female child, than his daughter or sister, as

aforesaid, forcibly and against her will; or if any male person, of the age of eighteen years or upwards, shall carnally know or abuse any female child under the age of eighteen years, with her consent, unless such female child so known and abused is over fifteen years of age and previously unchaste, every such person so offending shall be deemed guilty of a rape, and shall be imprisoned in the penitentiary not more than 20 or less than 3 years." From an examination of the sections quoted it is apparent that they describe three classes of crimes, each of which is totally distinct from the other two. The first clause of section 12 describes what is usually called the common law crime of rape. By this clause it is provided that any male person who shall have carnal knowledge of any woman or female child, other than his daughter or sister, forcibly and against her will, is guilty of the crime of rape. In an information for this offense it is not necessary to state the age of the accused. If he has the capacity to commit the crime his age is wholly immaterial, and so is the age of his victim. But it is always necessary in a prosecution under this clause of the statute to allege and prove that the act was committed forcibly and against the will of the prosecutrix. *Garrison v. People,* 6 Neb. 274; *Hall v. State,* 40 Neb. 320. The crime is made a statutory offense in this state, and the language of the information must conform, substantially at least, to that found in the statute. Judge MAXWELL in his Criminal Procedure, p. 238, says: "Rape is the carnal knowledge of a female forcibly and against her will." This definition applies particularly to the crime defined in the first clause of section 12. It will be observed that it is nowhere charged in the information that the plaintiff had carnal knowledge of the prosecutrix *forcibly and against her will.* So it is perfectly apparent that the language used therein is not sufficient to charge the plaintiff with the crime defined in the first clause of that section.

The second clause of section 12 provides that, if any male person of the age of eighteen years or upwards shall

carnally know or abuse any female child under the age of eighteen years, with her consent, unless such female child so known and abused is over fifteen years of age, and previously unchaste, every person so offending shall be deemed guilty of a rape. Now the essential elements of this charge are: First, that the accused is a male person of the age of eighteen years and upwards; second, that he shall carnally know and abuse a female child under the age of eighteen years; third, that such abuse shall be with her consent. If, however, she is over fifteen and under eighteen years of age, and previously unchaste, then carnal knowledge of her with her consent does not constitute the crime of rape. It is equally clear that, if the accused is less than eighteen years of age, the offense described in this clause of the statute cannot be committed by him. The state, nevertheless, contends that the statute describes but one offense; that the age of the accused is immaterial, and that it is not necessary to charge and prove that he had carnal knowledge of the prosecutrix *forcibly* and *against her will.* To support this contention several sections of Bishop's New Criminal Procedure, and cases from other states, are cited. An examination of these authorities discloses that they are based on statutes somewhat different from our own. As a matter of fact the decisions of each state conform to the definition of the crime set forth in its own statutes, and for this reason the authorities relied on by the state are of very little assistance in determining the sufficiency of the information in question herein. Sections 11 and 12 of our criminal code are almost literal copies of the sections of the Ohio statute defining the crime of rape. The supreme court of that state, in *Howard v. State,* 11 Ohio St. 328, said:

"The crime of a person in having 'carnal knowledge of his daughter or sister, forcibly and against her will,' as defined in the 4th section of the act of March 7, 1835 (Swan & Critchfield's Stat. 404), and the crime of a person in having 'carnal knowledge of any *other* woman or female child than his daughter or sister, as aforesaid, for-

cibly and against her will,' as defined in the 5th section of
said act, are distinct and separate offenses, and not merely
different grades of the same crime. In charging the latter
crime, it is essential for the indictment to state that the
woman or female child upon whom the crime is charged 'to
have been committed is not the daughter or sister of the
accused."

In construing our own statutes on this question it was
said by Chief Justice SULLIVAN in *Edwards v. State*, 69
Neb. 386:

"Sections 11 and 12 of the criminal code describe three
classes of crimes, each of which is totally distinct from the
other two. By section 11 it is declared to be unlawful for
any person to have carnal knowledge of his daughter or
sister forcibly and against her will. By the first clause
of section 12 the act of having forcible carnal knowledge of
any woman or female child, other than a daughter or sis-
ter, is denounced as a crime; and by the second clause
sexual intercourse with a female child under the age of
eighteen years, without force and with her consent, is
forbidden. The act charged in the information does not
constitute a violation of section 11 nor of the first clause of
section 12, because the elements of force and nonconsent
are wanting."

We are satisfied with the language above quoted, and be-
lieve it is a correct statement of the effect of our statutes.
So the contention of the state that our statutes describe
but one offense, and the facts charged in the information,
when viewed in that light, are sufficient to charge the
plaintiff with the crime of statutory rape, must fail. In
*Hall v. State, supra*, we said:

"In case it is not averred the act was done with force
and against the consent of the prosecutrix, it is essential
the information disclose that the person upon whom the
offense was committed, at the time of the assault, was
under fifteen years of age, and that the accused was of the
age of eighteen years or over. An information for the
crime of rape under the second clause of the section must

charge that the person upon whom the offense was committed as being a female child under fifteen years of age, and the accused as being a male person of the age of eighteen years or over; but where the unlawful intercourse is had forcibly and against the will of the complainant, the prosecution for the offense should be brought under the first part, or clause, of section 12, copied above, and in which case it is unnecessary that the information should disclose the age of the accused, or that of the prosecutrix."

Again, in *Woodruff v. State*, 72 Neb. 818, a case of statutory rape, Chief Justice HOLCOMB, speaking for the court, said:

"The gravamen of the offense charged under the section defining the crime is the unlawful sexual intercourse by a male person over 18 years of age with a female child under the age of consent. In the case at bar, the prosecutrix being over 15 years of age, her alleged previous chastity was put in issue, and evidence was introduced for the purpose of showing she was previously unchaste and as a complete defense to the crime charged."

If the previous unchastity of the prosecutrix is a complete defense to a charge of statutory rape, it necessarily follows that the fact that the accused is a male person under the age of eighteen years also constitutes a defense to such a charge. So, notwithstanding what the courts in other jurisdictions have held, we are fairly and fully committed to the rules above stated, and no reasons have been given which require us to change them. Judged by these rules, the trial court erred in overruling the plaintiff's objections to the information.

While we decline to formally consider plaintiff's other assignments of error, it is proper for us to say that, as we read the record, the evidence is insufficient to establish the offense described in the second clause of section 12. The prosecutrix testified positively that the plaintiff accomplished his purpose by force and against her will; that she never consented to the act of sexual intercourse with him; and he testified just as positively that he never had

18

sexual intercourse with her at any time, in any manner, or under any circumstance whatever.

It also appears that the state was permitted to introduce evidence of certain acts of the plaintiff, such as the purchase of two cocktails for the officer who arrested him, and certain statements alleged to have been made by him to that officer, none of which corroborated or even tended to corroborate the evidence of the prosecutrix, or impeach or discredit his own testimony. That this evidence, to which he objected, was prejudicial to him, and an invasion of his right to have a fair trial, can hardly be questioned. As has been often said, the charge of rape is one easily made, and hard to be defended against. Therefore it is the duty of the courts to carefully guard both the rights of the state and the accused, and see to it that a defendant shall not be convicted by reason of prejudice, and without sufficient competent evidence.

For the foregoing reasons, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.

The following opinion on motion for rehearing was filed February 8, 1906. *Motion overruled:*

1. **Rape.** Section 12 of the criminal code, as amended, defines but one crime and prescribes the punishment therefor. The first paragraph of the syllabus of the former opinion in this case, holding that this section defines more than one distinct offense, is disapproved.

2. ———: INFORMATION. If a man eighteen years of age or upwards is guilty of the sexual act with a female child not over the age of fifteen years, or with a female child under the age of eighteen years and not previously unchaste, the law will presume, without further allegation or proof, that the act was done "forcibly and against her will." But it is only when the accused is of the specified age that this presumption exists. An information for rape must allege either that the act was done forcibly and against the will of the "woman or female child," or that the accused was of the age of eighteen years or upwards.

SEDGWICK, C. J.

The attorney general, in behalf of the state, has filed a motion for rehearing in this case, and has urged upon the attention of the court, among other things, two unusually important questions.

1. The first contention is that the court erred in holding that section 12 of the statute under consideration describes two classes of crimes, each of which is totally distinct from the other. The law applicable to this question we think is correctly stated in *United States v. Fero,* 18 Fed. 901:

"Where a statute makes either of two or more distinct acts connected with the same general offense, and subject to the same measure and kind of punishment, indictable separately and as distinct crimes when committed by different persons, or at different times, they may, when committed by the same person at the same time, be coupled in one count as constituting one offense."

It will be readily seen that the question is of importance in the construction of this statute. If two distinct offenses are defined and punishment provided for in this section, and neither of the two offenses includes the other, then the prosecutor must elect at his peril whether he will charge that the act was committed forcibly and against the will of the woman assaulted, or that the woman was under the statutory age and the defendant was of sufficient age to bring him within the provisions of the law. Both of these charges could not be contained in the same count of the information, nor indeed in the same information. If this section of the statute defines but one offense, and prescribes the punishment therefor, then the information may be so drawn as to support a conviction if the offense has been committed in any one of the ways defined in the statute. We think the latter construction should be given to this section. The object of the section is to define the crime of rape, and to provide the punishment therefor. At the common law it was necessary to charge

that the act of intercourse was accompanied with force on the part of the defendant, and was against the will of the woman assaulted. Force was an essential element of the crime. By the first clause of this section this element of the common law crime of rape is retained. By the second clause it is provided that the crime is established without proof of force under certain conditions. If the female consents to the act it is not rape, but this clause of the statute provides that if she is under the age of fifteen years she cannot consent, or if she is under the age of eighteen years and not previously unchaste she cannot consent, and so the whole section defines the common law crime of rape, with the condition that, when the accused has reached a certain age, and the female is of such tender years as to be presumed not to understand the nature of the act so as to enable her to consent to it, these elements take the place of the proof required by the common law that the act was with force and against her will. If these conditions obtain, the law presumes that the act was with force and violence, and against the will of the ·child assaulted. Section 12 then is within the rule above quoted from *United States v. Fero,* and defines but one crime, and provides but one punishment therefor. If the act which is made the gravamen of the offense is with force and against the will of the victim, or if the other conditions exist so that the law presumes it to be so done, then the crime is rape. The language quoted in our former opinion from *Edwards v. State,* 69 Neb. 386, was not necessary to the point there being considered, and the case must not be regarded as a precedent upon this point. We think therefore that the first paragraph of the syllabus of our former opinion in this case is erroneous.

2. The second important contention in the brief upon the motion for rehearing is that it is not necessary in an information for rape to charge either that the crime was committed forcibly and against the will of the female assaulted, or that the defendant was at the time of the

commission of the crime of the age of eighteen years or upwards.   We do not think that this point is well taken. As before stated, an essential element of the crime of rape is force and violence.   The derivation of the word itself indicates that meaning, and we think that in all cases an information charging the crime of rape must allege force and violence, and that it was against the will of the female assaulted, unless it is made by the information itself to appear that the conditions existed from which the law will conclusively presume such force and violence and non-consent.   The element of force and violence and non-consent of the female assaulted is of such importance in a charge of the crime of rape that it cannot be wholly omitted.   For this reason, and because of the weakness of the evidence referred to in our former opinion, the motion for rehearing is

                                        OVERRULED.