JAMES BAXTER V. STATE OF NEBRASKA.

FILED MARCH 5, 1908.   No. 15,525.

Rape: CONVICTION. Under an information charging rape by force upon a female child under the age of 18 years and not previously unchaste, a conviction may be had, even if the act was committed with the consent of the female child. *Hubert v. State,* 74 Neb. 226.

ERROR to the district court for Franklin county:  ED L. ADAMS, JUDGE.   *Affirmed.*

*A. H. Byrum* and *W. C. Dorsey,* for plaintiff in error.

*W. T. Thompson, Attorney General,* and *Grant G. Martin, contra.*

LETTON, J.

James Baxter, the plaintiff in error, was convicted in the district court for Franklin county of the crime of rape. From a judgment of conviction, he prosecutes error.

The indictment charges that James Baxter, "a male person over the age of 18 years, on the first day of July, A. D. 1907, then and there being in the said county of Franklin,

state of Nebraska, did then and there in and upon one Mary Koehn, a female child under the age of 18 years, to wit, of the age of 16 years, and not previously unchaste, unlawfully, violently, and feloniously make an assault, and her, the said Mary Koehn, unlawfully and forcibly and against her will feloniously did ravish and carnally know, she, the said Mary Koehn, then and there being a female child other than the daughter or sister of the said James Baxter." At the trial the evidence seemed to be insufficient to sustain the charge of forcible rape. The judge, therefore, charged the jury, in substance, that if they found that the prosecutrix was under the age of 18 years and not previously unchaste, and that the defendant had carnal knowledge of her, whether with or without her consent, it would constitute the crime of rape. The defendant's contention is that the information charged rape upon a female child forcibly and against her will, under the first clause of section 12 of the criminal code, and that the court erred in instructing the jury that it stated an offense under the second clause of that section. The identical question presented has been considered by this court in *Hubert v. State*, 74 Neb. 220, and, on rehearing, 74 Neb. 226. In the latter opinion it is said, speaking of section 12: "The object of the section is to define the crime of rape, and to provide the punishment therefor. At the common law it was necessary to charge that the act of intercourse was accompanied with force on the part of the defendant, and was against the will of the woman assaulted. * * * By the first clause of this section this element of the common law crime of rape is retained. By the second clause it is provided that the crime is established without proof of force under certain conditions. If the female consents to the act it is not rape, but this clause of the statute provides that if she is under the age of fifteen years she cannot consent, or if she is under the age of eighteen years and not previously unchaste she cannot consent, and so the whole section defines the common law crime of rape, with the condition that, when the accused

has reached a certain age, and the female is of such tender years as to be presumed not to understand the nature of the act so as to enable her to consent to it, these elements take the place of the proof required by the common law that the act was with force and against her will." The doctrine of this case is very ingeniously and vigorously assailed in the reply brief on behalf of plaintiff in error, and, among other things, it is said: "The second clause of section 12, in fact, defines and denounces a separate and distinct crime to that denounced in the first section. It was unknown to the common law, and had no existence until that clause was enacted. * * * The second clause of section 12 makes the act of carnal knowledge of a female child a felony when committed with her consent, though at common law the fact of consent would have been a complete defense." This statement is hardly correct. Lord Coke says: "Rape is felony by the common law, declared by parliament for the unlawful and carnal knowledge and abuse of any woman above the age of ten years against her will, or of a woman child, under the age of ten years, with her will, or against her will, and the offender shall not have the benefit of clergy." 3 Coke, Institutes, 60. Lord Hale defines the crime as follows: "Rape is the carnal knowledge of any woman above the age of ten years against her will, and of a woman child under the age of ten years with or against her will." 1 Hale, P. C. (Eng.) 628.

The only difference between statutory and common law rape upon a female child under the age of consent is that by the statutes the age of consent has been raised from 10 to 18 years. Upon a reexamination of the question, we are convinced that the opinion of Judge SEDGWICK in Hubert v. State, supra, states the law correctly, and we are content to abide by the rule there announced. While the information charged rape with force, yet it contained all the material allegations necessary to charge the crime of rape upon a female child under the statute, and the words charging force may be disregarded as surplusage.

Bishop, Statutory Crimes (3d ed.), sec. 486. It was immaterial, in order to constitute the crime charged, whether the female child consented or did not consent to the assault. The law conclusively presumes that she was incapable of giving consent, and that it was therefore against her will.

Under the law and the evidence, the instruction given by the court was fully warranted, and the judgment of the district court is

AFFIRMED.