CARL BERTON WHITCOMB v. STATE OF NEBRASKA.

FILED FEBRUARY 16, 1918. No. 20331.

Jury: QUALIFICATIONS. A juror, in his *voir dire* examination in a criminal case, answers that it will take evidence to remove an opinion which he has formed as to the guilt or innocence of the accused. *Held*, that such fact will not disqualify him as an impartial juror, required under section 11, art. I, of the Constitution, if such opinion was formed and he is otherwise qualified in accordance with the provision contained in subdivision 2, sec. 9109, Rev. St. 1913.

ERROR to the district court for Adams county: WILLIAM C. DORSEY, JUDGE. *Affirmed.*

*W. P. McCreary,* for plaintiff in error.

*Willis E. Reed, Attorney General,* and *John L. Cutright, contra.*

CORNISH, J.

The defendant (plaintiff in error), found guilty of felony, complains of error in the trial court's overruling of his challenges to seven jurors, made on their *voir dire* examination. These jurors answered that they had formed opinions as to the guilt or innocence of the defendant, and some of them answered that their opinions were such as it would take evidence to remove. These opinions had been formed from what they had heard or read in the newspapers, but not from conversations with any person who had witnessed or claimed to have witnessed the crime, or from a record of the testimony of such person. None said he had a fixed, conclusive opinion upon the facts, or prejudice of any kind. They all answered that they could lay aside the opinions which they had formed and try the case fairly and impartially upon the evidence and the law as presented.

The question is whether such forming of an opinion, or forming one which it would take evidence to remove, necessarily disqualifies the juror. Subdivision

2, sec. 9109, Rev. St. 1913, provides that such opinion shall not disqualify the juror if he "shall say on oath that he feels able notwithstanding such opinion to render an impartial verdict upon the law and the evidence," and the court is satisfied that he is impartial. Our attention is called to section 11, art. I, of the Constitution, which provides that the juror must be impartial.

The inquiry is somewhat psychological. Any person, hearing rumors of a crime or reading newspaper accounts of it, is likely to form an opinion. Called to try the guilt or innocence of the person charged with the crime, he may answer that the opinion formed is not such as will require evidence to remove. Or, though otherwise of the same general attitude of mind, he may answer to the contrary. The case of Juror Whiting illustrates the situation. At first he answers that it would not require evidence to remove his opinion formed. Counsel for defendant, evidently thinking such a condition impossible, suggests to him that he does not "understand the question," and the juror changes his mind. He is then asked if he can "start in on the trial of this case evenly balanced between the state and the accused." He answers: "Yes; I think I can. Q. Well, there would have to be some evidence first to remove your opinion, wouldn't there? A. There would have to be some, certainly. Q. Then you would not start in evenly balanced, would you? A. I guess I wouldn't, under those circumstances." Afterwards, he swears that he could be a fair and impartial juror and render a verdict according to the law and the evidence. The trial judge, exercising his discretion, overruled the challenge to the juror. Strictly speaking, for the purposes of the trial no such evidence would be required. The impression or opinion formed rests upon a basis, so uncertain and unsubstantial, compared with the sworn evidence of the event, that it will cut no figure among the real causes and influences bringing the juror to a mental conclusion.

The opinion formed is hypothetical; it will be naturally and easily put to one side.

We believe it is the experience of courts that such a juror may be as impartial a juror as another who has never heard of the case, and a more intelligent one. Of course, the juror may, from mere rumors or newspaper accounts, form such a fixed or decided opinion, or acquire such prejudice, as to disqualify him. If, however, as may well be the case, the juror is able to put aside the opinion formed and enter the trial giving the accused the benefit of the presumption of innocence, and the court believes he will be a fair and impartial juror, then the objection is not well made. *Basye v. State,* 45 Neb. 261; *Jahnke v. State,* 68 Neb. 154; *Dinsmore v. State,* 61 Neb. 418; *Bridges v. State,* 80 Neb. 91; *Taylor v. State,* 86 Neb. 795.

In so far as the holdings in *Olive v. State,* 11 Neb. 1, *Miller v. State,* 29 Neb. 437, and *Owens v. State,* 32 Neb. 167, upon this question are contrary to this opinion, those cases are overruled.

The judgment of the trial court is

AFFIRMED.

SEDGWICK and HAMER, JJ., not sitting.