JOSEPH C. WHEELER V. STATE OF NEBRASKA.

FILED OCTOBER 14, 1921. No. 21828.

**Rape:** CORROBORATIVE EVIDENCE. In a prosecution, charging attempt to commit rape, where defendant admitted being with prosecutrix, but contended that what he did was with her consent, *held*, that her complaint to her mother, made immediately after the alleged assault, the condition of her clothing, the bruised, scratched and bleeding condition of her body, and the shattered condition

of her nervous system, furnished sufficient corroboration of her story that the assault made upon her was against her will and felonious.

ERROR to the district court for Pawnee county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*Byron Clark, Jesse L. Root, Matthew Gering* and *J. C. Dort,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *Mason Wheeler,* contra.

Heard before MORRISSEY, C.J., ALDRICH, DAY, DEAN, FLANSBURG, LETTON and ROSE, JJ..

FLANSBURG, J.

Criminal prosecution on a charge of attempt to commit rape. Accused was convicted and brings the case here for review.

The contention is that the story of the prosecutrix is not corroborated.

The testimony of the prosecutrix is that she had met the defendant, who, during the absence of his wife from home, was boarding at the hotel where she was a waitress; that, after an acquaintance of a few days, defendant, about 8 o'clock in the evening, offered to drive her home in his automobile, which offer she accepted. As they approached the house where prosecutrix was living · with her mother, defendant drove toward the country, and after they had been in the car about five minutes he exhibited his amorous inclinations by throwing his leg over hers, and continued his advances during the drive, grabbing her nose, biting and pinching her legs, and telling her that she "had to come across;" she in the meantime endeavoring to free herself from his embraces. After driving some distance, the car stopped and the door was opened, either by the defendant or by the prosecutrix falling against it, and both parties got out of the car. Defendant then endeavored to throw her down, kicked her ankles and threw her legs out from under her. During

the encounter her head struck the car door and she lost consciousness. When she recovered the defendant was on top of her and had a portion of her clothing off and her dress up around her waist. Prosecutrix believed that he had sexual intercourse with her while she was unconscious, but was unable to testify positively to the fact. She then endeavored to run away, but defendant shoved her in the car and took her back to town, stopping close to her mothers house.

The mother of prosecutrix testified that she saw the car draw up near her house about 10 o'clock in the evening, and saw her daughter run across the lawn; that the prosecutrix asked her to "open the door quick," that "old Wheeler had about killed her," and that when she did open the door she saw prosecutrix with her hair down and her clothes in her hand.

The prosecutrix was in an hysterical condition, described by the various witnesses as follows: Her hair was down on her shoulders; her face was bruised and scratched; most of her underclothing off; her dress torn; her stockings down to her feet. There was a swollen place on her head; one eye was nearly closed and her lip was mashed; her hands and wrist were scratched, and she appeared scratched all over from her waist up; her back was bruised and skinned in many places, and she was in an extremely nervous and hysterical condition.

Dr. E. L. McCrea, a physician of 20 years' practice, who was immediately called to render medical attention, described her condition as follows: "This girl was scratched all over the chest and back in every way, blood oozing out of those scratches. She had a cut across the nose about where her glasses would come. She had a cut over an eye; she had a lump on the side of her head, on the right side. She had a large black spot at the angle of the jaw, the left side. She had a large blue spot on the shoulder. All along down the spine there was a blue spot, as far as her short corset came, that I noticed. And that is all that I exposed, more than on the right

limb, about six inches from the knee on the inside, was a spot about two by three inches denuded of the skin." The doctor also testified that the woman was nervous and crying; shook all over and was in a state of excitement, and that her pulse was running very high. Three or four days later, this doctor again examined the prosecutrix, and found the upper portion of her body bruised, and upon an examination of her vagina found a tear of about a quarter of an inch at the lower part. Upon cross-examination the doctor testified that her breasts were scratched and bleeding, and that the injury to her sexual organ could have been caused by the male organ of a man in the act of intercourse, and that he had observed that effect from intercourse on many different occasions.

The afore-mentioned description of the woman's condition is substantiated by the testimony of her aunt, and by the testimony of John McClung, the sheriff, who was called in immediately after the assault and saw the parties about 2 o'clock in the morning.

The defendant took the stand in his own behalf; admitted he took the prosecutrix out riding the evening of May 13, 1920; insisted that she made all the advances to him; that she embraced him against his protest and also endeavored to kiss him; that the car stopped of its own accord because of some accident to the machinery; that she asked him whether they would get out or stay in, and that she agreed to everything that was done that night and made no protest whatever. Defendant, however, declined to say whether or not he had sexual intercourse with the prosecutrix, on the ground that to answer the question would tend to incriminate him.

The immediate complaint made by the prosecutrix to her mother; the condition of her clothing; the bruised, scratched and bleeding condition of her body; and the completely shattered condition of her nervous system, all shown to exist at the time defendant left her on the road near her home, directly following the alleged assault, are clearly sufficient to furnish corroboration of her story

that a felonious assault had been made upon her, and, to our minds, quite conclusively refute the contention of defendant's counsel that prosecutrix had voluntarily engaged in sexual intercourse with the defendant. *Hammond v. State*, 39 Neb. 252; *Kotouc v. State*, 104 Neb 580; *Robbins v. State, ante,* p. 423.

We find no reversible error in the record, and the case is

AFFIRMED.