WALTER CHRISTIANCY V. STATE OF NEBRASKA.

FILED OCTOBER 14, 1921. No. 21830.

1. Criminal Law: INFORMATION: ELECTION. Where an information, having reference to a single transaction, contained two counts, one for statutory rape and the other for an assault with intent to commit rape upon the same woman, and the defendant's motion to require the state to elect was denied, *held* that the ruling was without prejudice.

2. ———: CHALLENGE TO VENIREMAN. Where the defendant's challenge of a venireman for cause was denied, but the record shows that he was subsequently excused, *held* the defendant was not prejudiced thereby.

3. ———: ———. Where the court sustained the state's challenge to a venireman because of his business relations with counsel for defendant, and a competent juror, who was not challenged, took his place and was retained, *held* that the ruling was not prejudicial.

Christiancy v. State.

4. ———: JURY. The defendant was not entitled to a specific juror; if the members of the panel possessed the requisite qualifications and constituted an "impartial jury," that was all he could ask.

5. ———: CROSS-EXAMINATION OF ACCUSED. Where on cross-examination the county attorney asked the defendant a question not within the range of the direct examination, but the court promptly sustained an objection thereto and informed the county attorney that the question was improper and should not have been asked, and at the defendant's request and on his own motion so instructed the jury, held that there was no error.

6. ———: ———. Where, during the introduction of evidence, the county attorney, for the ostensible purpose of thereby giving evidence of his age, requested the defendant to stand up in the presence of the jury, but it subsequently appeared that there was no dispute that the defendant at the time of the commission of the offense was more than 22 years of age, and nothing to show that he complied with the request, held to be without prejudice.

7. ———: INSTRUCTION AS TO CHASTITY. An instruction in these words approved: "As to the question of the previous chastity of Gladys Dyer, it is not necessary that her testimony that she was not previously unchaste be corroborated. It is sufficient as to this point if you are satisfied by the evidence, beyond a reasonable doubt, that she was not unchaste previous to the time of the alleged act of sexual intercourse complained of in the information."

8. ———: ———. The court instructed the jury that it was necessary for the state to prove, beyond a reasonable doubt, that the prosecuting witness was previously chaste, held to be the equivalent of "not previously unchaste."

9. ———: ———. The phrases "previously chaste" and "not previously unchaste" are synonymous; "previously chaste" is an affirmation that the prosecuting witness was "not previously unchaste."

10. ———: INSTRUCTION AS TO VERACITY. The following instruction approved: "If you believe that any witness has knowingly sworn falsely to any material fact in this case, you may, if you see fit to do so, disregard all of the testimony of such witness."

11. Rape: INSTRUCTION. The defendant's request that the jury be instructed, in substance, that a "female under 18 years of age and over 15 years of age, who had improper or unlawful sexual intercourse with a man, is not within the act," held properly refused.

12. ———: ———. The following instruction approved: "The ob-

ject of the statute under which the information is drawn is to protect the virtuous maidens and the undefiled virgins of the state; and a female under 18 years of age and over 15 years of age, who has had unlawful sexual intercourse with a male, is, not within the act."

13. Evidence examined, and *held* sufficient to support verdict.

14. Rape: Excessive Sentence. Judgment and sentence reduced to three years' imprisonment in the penitentiary.

Error to the district court for Fillmore county: Ralph D. Brown, Judge. *Affirmed: Sentence reduced.*

Charles H. Sloan, Frank W. Sloan and Thomas J. Keenan, for plaintiff in error.

Clarence A. Davis, Attorney General, John Barsby, Robert B. Waring and C. L. Dort, contra.

Heard before Morrissey, C.J., Rose, Aldrich and Flansburg, JJ., Allen and Redick, District Judges.

Allen, District Judge.

The plaintiff in error was convicted by a jury in the district court for Fillmore county of the crime of statutory rape, and from a judgment of guilty thereon and the sentence to seven years' imprisonment in the penitentiary, he has brought the case to this court for review. For convenience, the parties will remain classified as they were in the district court.

The information contains two counts, in the first of which it is charged that on September 18, 1920, the defendant, in Fillmore county, committed a statutory rape on the person of Gladys Dyer, and in the second count that at the same time and place he committed an assault upon her with intent to commit rape.

The defendant moved the court for an order requiring the state to elect on which count of the information it would proceed, (1) because "said counts contain different and repugnant charges," and (2) because "said charges contained in said counts are based upon fundamentally different statutes, which statutes severally denounce

fundamentally different acts." This motion was denied, and the defendant assigns the ruling of the court as error. The second count was superfluous, as the defendant could have been convicted of an assault with intent to commit rape under the first count. *Hubert v. State*, 74 Neb. 220; *Baxter v. State*, 80 Neb. 840. However, the county attorney dismissed the second count before the case was submitted and there was no error in the ruling.

It is contended that the court erred in overruling the defendant's challenge to a proposed juror, Charles Norton. Mr. Norton on his *voir dire* examination said that he had read quite an extended account of the transaction in the Nebraska Signal, which gave the nature of the charge and purported to state some facts connected with it, and he supposed he did, at the time, form a natural mental conclusion as to the guilt or innocence of the defendant from what he had read. He had talked with no one who claimed to know the facts and had heard or read nothing to change his opinion, and had the opinion yet, and supposed that it would take some evidence to remove it. He stated on cross-examination that he could give the defendant the benefit of the presumption of innocence until he was proved guilty, if that was the law, and if the court instructed the jury that it was necessary to prove the defendant guilty beyond a reasonable doubt before he could be convicted, he could give him the benefit of it, and that his present opinion would in no wise control his verdict. A careful examination by the court disclosed that he had no opinion and was, within the rule recognized in *Whitcomb v. State*, 102 Neb. 236, qualified to act. But the record shows that the jury was composed of Wm. McNamara, Chas. Rocole, Carl Sandburg, M. L. Schelkopf, F. H. Sauer, John McCabe, Loren Teter, Frank Yetman, Lou Schafer, Arno Gunderman, Frank Hrdy, and Mel Martin, and that Mr. Norton did not serve. It does not appear whether he was excused peremptorily by one of the parties, or by direction of the court, and it is sufficient to say that, as he did not serve, the defendant

was not prejudiced.

As to the ruling of the court in sustaining the state's challenge to the proposed juror Stuckey, we think it was without error. Each party was entitled to an "impartial jury," and it was quite evident that Mr. Stuckey was so closely connected with counsel for the defendant in business and in another case that his ability to act impartially was open to question. He had a case pending in court, and the defendant's counsel were his attorneys in that case. See section 8158, Rev. St. 1913. A competent juror, who was not challenged, took his place and was retained. The defendant was not entitled to a specific juror. If the members of the panel possessed the requisite qualifications and constituted an "impartial jury," that was all he could ask.

It is urged that there was misconduct on the part of the prosecuting attorney resulting in prejudice to the defendant. The trial is said to have lasted more than five days, and the verdict was returned within an hour and twenty minutes after the case was submitted. "Prominent among the acts of the assistant prosecutor complained of," it is said, "was his asking the defendant upon cross-examination: 'Did you ever tell John Cromwell that the sheriff was looking for you from Colorado?'" On cross-examination, the county attorney asked the defendant this question: "Q. Did you ever tell John Cromwell that the sheriff was looking for you from Colorado?" The defendant promptly objected and the court sustained him. "Q. In the presence of John Cromwell, did you ever make the statement to John Cromwell, that you had gotten into a similar scrape like this out in Colorado?" The defendant's objection was promptly sustained, and at his request the court informed the jury: "The objection will be sustained, and that form of cross-examination is improper and should not be pursued further, and the jury should not in any way give any consideration to anything that might be inferred from the question, the objection to which has been sustained. Exception." And

the following colloquy took place:

"By Mr. Waring: Your honor, I want to get straightened out here, I am trying to perform my duty as well as I know how. Do I understand the court's ruling that if I should bring admissions of this court, of the defendant—not saying that I have them—to the effect indicated in my question, does the court mean to say that I am unable to introduce those admissions?

"By Mr. Sloan: Defendant objects distinctly and emphatically to the inquiry submitted to the court at this time under the circumstances, as being especially improper and prejudicial to this defendant under the circumstances, and should not, under any circumstances, be mentioned by the prosecutor; it is another and entirely different offense, if anything of that kind occurred, and I think that the court should render proper rebuke for the inquiry being submitted in the presence of the jury.

"By the court: The court means to say, Mr. Waring, that you are not entitled to make any inquiry on cross-examination with respect to any offense except the one on trial in this case, and nothing with respect to anything else, if there should be anything of the kind, should be considered by the jury in any manner, and any matter of inquiry relating to the character of the defendant is not admissible until something of that character has been offered by the defendant himself.

"By Mr. Waring: If that is the ruling of the court, I will respectfully adhere to it. I had a different idea."

Not being satisfied with the court's statement, the defendant requested and the court gave the jury the following instruction: "The jury are especially cautioned against giving any consideration or weight whatever to the question propounded by counsel for the state, relative to a purported statement made by defendant to one Cromwell concerning another alleged charge against defendant. Whether the assumption was true or false, the question should not have been propounded in your presence, and you should not permit the same to in any wise

influence, bias, or prejudice you in the formation of a verdict."

And the court further instructed the jury on his own motion: "You are cautioned against giving any consideration or weight whatever to the question propounded by counsel for the state, relative to a purported statement made by defendant to one Cromwell concerning another alleged charge against defendant. Whether the assumption was true or false, the question should not have been propounded in your presence, and you should not permit the same to in any wise influence, bias, or prejudice you in the formation of a verdict."

Subordinate courts are not gifted with prescience and cannot, in the midst of a heated trial, foresee what moment an improper question may be propounded to a witness. But where, as in this case, an objection is promptly made thereto and sustained, and the court fully instructs the jury that the question was improper and should not be considered by them, we think the defendant was not prejudiced. See *City of Shawnee v. Sparks,* 26 Okla. 665, L. R. A. 1918D, 1, and notes.

It is said that there was error in the county attorney's assistant in demanding that the defendant stand up while the state's evidence was being submitted and before the defendant had offered himself as a witness or had signified his intention of going upon the stand, which, it is urged, was for the purpose of compelling the defendant to give evidence of his age, which at that time was a material allegation of the first count of the information and incumbent upon the state to establish beyond a reasonable doubt. But as there is no dispute that the defendant was more than 22 years of age at the time of the commission of the offense, and as there is nothing in the record to show that he complied with the request, or that the court's attention was called to it, he was not prejudiced.

The defendant claims that the court erred in giving instruction No. 13, which is as follows: "As to the question of the previous chastity of Gladys Dyer, it is not

necessary that her testimony that she was not previously unchaste be corroborated. It is sufficient as to this point if you are satisfied by the evidence, beyond a reasonable doubt, that she was not unchaste previous to the time of the alleged act of sexual intercourse complained of in the information." The instruction correctly stated the law. *Leedom v. State,* 81 Neb. 585.

The court's fourth instruction is in the following language: "In order to find the defendant guilty of the offense charged in the information, you must be satisfied, beyond a reasonable doubt, that the defendant, Walter Christiancy, was, on or about the 18th day of September, 1920, a male person of at least the age of 18 years; that the prosecuting witness, Gladys Dyer, was at said time a female child under the age of 18 years and over the age of 15 years and previously chaste; that she was at said time, and in the county of Fillmore and state of Nebraska, assaulted by the said Walter Christiancy; and that he did then and there unlawfully and feloniously carnally know and abuse her." It is contended that "previously chaste" is not the equivalent of the phrase "not previously unchaste." We think these phrases are synonymous; that "not previously unchaste" is an affirmation that the prosecuting witness was "previously chaste," and that the instruction did not mislead the jury.

Complaint is made of the court's twentieth instruction, which is as follows: "If you believe that any witness has knowingly sworn falsely to any material fact in this case, you may, if you see fit to do so, disregard all of the testimony of such witness." The specific objections are that the word "wilfully" and the phrase "unless corroborated, etc.," were omitted. Knowingly is equivalent to wilfully. *Fry v. Hubner,* 35 Or. 184. The words are synonymous; to do an act knowingly is to do it wilfully, and to do it wilfully is to do it knowingly. The phrase "unless corroborated, etc.," is not an element of the maxim *"Falsus in uno, falsus in omnibus,"* or, false in one matter, deceitful in everything, and the court did not err

in omitting it. *Titterington v. State,* 75 Neb. 153; *Atkins v. Gladwish,* 27 Neb. 841. If a witness knowingly testifies falsely to one or more material facts, there is no reason why he should be given credit for telling the truth respecting a particular in which his testimony and that of reputable witnesses happen to concur. Indeed, in such a case, the credit would be given to the testimony of the reputable witnesses, and not to that of the disreputable or perjured witness. The rule is clearly stated in Starkie on Evidence (9th Am. ed.) p. 766: "As the credit due to a witness is founded in the first instance on general experience of human veracity, it follows that a witness who gives false testimony as to one particular cannot be credited as to any, according to the legal maxim, *'Falsus in uno, falsus in omnibus.'* The presumption that the witness will declare the truth ceases as soon as it manifestly appears that he is capable of perjury. Faith in a witness' testimony cannot be partial or fractional; where any material fact rests on his testimony, the degree of credit due to him must be ascertained, and according to the result his testimony is to be credited or rejected."

The defendant tendered and the court refused the following request: "The jury are instructed that the object of the statute under which the first count of the information is drawn is to protect the virtuous maidens and the undefiled virgins of the state; and the female under 18 years of age and over 15 years of age, who has had improper or unlawful intercourse with a male, is not within the act." But in that connection the court gave the following instruction: "The object of the statute under which the information is drawn is to protect the virtuous maidens and the undefiled virgins of the state; and a female under 18 years of age and over 15 years of age, who has had unlawful sexual intercourse with a male, is not within the act." The evident purpose of the request was to impress the jury with the belief that, if the prosecuting witness had had "improper" relations with others short of sexual intercourse, that fact might be taken into

consideration in determining whether she was or was not a woman of previous chastity. The drift of the request was to the effect that, if a woman between the ages of 15 and 18 years had had "improper" relations with another man, she would not be within the statute. The defendant does not claim that the prosecuting witness had intercourse with any other man, but he contends that she permitted others to take improper liberties with her person. Notwithstanding this, if such liberties stopped short of actual sexual intercourse, they were not within the meaning of the statute.

It is urged that the verdict is contrary to and not supported by the evidence. It is admitted that the prosecuting witness was more than 15 and less than 18 years of age at the time of the flagrant act, and that the defendant was more than 22 years of age. It is said that they had sexual intercourse in Fillmore county on the night of September 18, 1920, and the only disputed question is whether the prosecuting witness was at that time "not previously unchaste." The drift of the testimony introduced by the defendant is directed to this question. On cross-examination of the prosecuting witness, defendant's counsel sought to show that she had been guilty of previous misconduct, and there was a studied effort to show that she was therefore to be classified as unchaste. Speaking of the criminal act, she said: "Q. And now he stopped his car there; what happened then, Gladys? A. He started to talk to me; he told me that I had been in the habit of letting other boys do such things as he tried to do back there, I could let him do it now. I told him I hadn't, that there wasn't a boy that would do such things as that to me, or even dare to. He said, 'You may just as well let me, you have let other boys,' and I told him I hadn't, and he started to try to do it again, and I tried to tell him what it would mean to do such things as that, that it was sin, and he just kept on; he pushed me out of the car and I fell upon the ground, and I got up and started to run away, but I didn't know where to go,

it was dark and we was all alone, there were no houses close there, and then he got up and began to swear at me, and said now I was out there he would now, and he just picked me up and threw me down on the ground and got on top of me and choked me and slapped my face and pulled my hair and did what he was going to do, got me all wore out trying to." On redirect examination she said: "Q. Gladys, have you always been a good girl? Q. Have you, Gladys? A. Yes, sir. Q. Has any man ever taken these liberties with you before? A. No, sir. Q. Or since? A. No, sir. Q. And the statement made by the accused that you had, is or is not that true or false?" We think her version of the transaction is corroborated by the testimony of the doctors, by her complaint to her parents made the next morning after the transaction, the condition of her apparel and the apparent evidence of the struggle at the scene of the act, and that the court was fully warranted in sending the case to the jury and the jury warranted in returning a verdict of guilty.

We have carefully examined other suggested objections to the rulings of the court, but we find them without error.

Finally, the defendant claims that the penalty imposed upon him was excessive, and we are inclined to that belief. There was no testimony that he had ever been engaged in a like transaction, or violated the law in any other respect. Considering these things in connection with his youth, we think that the sentence should be reduced to three years' imprisonment in the penitentiary, and, with this modification, the judgment of the district court is affirmed.

AFFIRMED: SENTENCE REDUCED.