SAM COOK V. STATE OF NEBRASKA

FILED FEBRUARY 13, 1924. No. 23520.

1. **Indictment and Information:** DUPLICITY. " Where a statute makes either of two or more distinct acts connected with the same general offense, and subject to the same measure and kind of punishment, indictable separately and as distinct crimes when committed by different persons, or at different times, they may, when committed by the same person at the same time, be coupled in one count as constituting one offense." *United States v. Fero,* 18 Fed. 901; *Hubert v. State,* 74 Neb. 226.

2. **Rape:** CONSENT. " Under an information charging rape by force upon a female child under the age of 18 years and not previously unchaste, a conviction may be had, even if the act was committed with the consent of the female child. *Hubert v. State,* 74 Neb. 226." *Baxter v. State,* 80 Neb. 840.

3. **Criminal Law:** HARMLESS ERRORS. In a criminal prosecution, mere errors in rulings on evidence or in giving or refusing instructions, if without prejudice to accused, are not grounds for reversing a conviction.

ERROR to the district court for Thurston county: GUY T. GRAVES, JUDGE. *Reversed, and remanded for resentence.*

*A. R. Oleson* and *Hiram Chase,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lee Basye, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, GOOD, and DAY, JJ., SHEPHERD, District Judge.

ROSE, J.

In a prosecution by the state in the district court for Thurston county, Sam Cook, defendant, was convicted of rape. For that felony he was sentenced to the penitentiary

for an indeterminate period not more than twenty nor less than three years. As plaintiff in error he presents for review the record of his conviction.

As a ground for reversal it is argued that the district court erred in submitting the case to the jury. Is the point well taken? Carnal knowledge of prosecutrix by defendant, forcibly and against her will, or carnal knowledge of her with her consent, he being over 18 years of age and she being under 18 years of age and not previously unchaste, is defined by statute as rape. Comp. St. 1922, sec. 9551. The district court permitted the jury to acquit defendant or to find him guilty, if the evidence showed beyond a reasonable doubt that he committed the carnal act in either way. The argument on behalf of defendant is directed to the proposition that there could be no lawful conviction in any event. His theory appears to be that the information charges carnal knowledge of prosecutrix without force, and that the evidence is insufficient to sustain a conviction, if violence is considered an element of the crime. It is also argued that error in the submitting of a dual issue resulted in a conviction by a general verdict of guilty, while an acquittal might have followed the submitting of a single issue. The position seems to be untenable. Force and carnal knowledge against the will of the prosecutrix were charged in an information containing a single count. It was also charged that prosecutrix was under 18 years of age and not previously unchaste, and that defendant was over 18 years of age. The information and evidence were sufficient to sustain a conviction under either provision of the criminal law. Only one act of carnal knowledge was charged or proved. The time, place and parties were the same, no matter how the carnal act was committed. In any event there could only be one conviction and one punishment. One trial should be sufficient, if defendant violated the law in either of the ways condemned by statute. The modern view of a prosecution like this has been adopted in the following language:

"Where a statute makes either of two or more distinct acts connected with the same general offense, and subject to

the same measure and kind of punishment, indictable separately and as distinct crimes when committed by different persons, or at different times, they may, when committed by the same person at the same time, be coupled in one count as constituting one offense." *United States v. Fero,* 18 Fed. 901; *Hubert v. State,* 74 Neb. 226; *Johnson v. State,* 88 Neb. 328.

In *Baxter v. State,* 80 Neb. 840, the rule is stated thus:

"Under an information charging rape by force upon a female child under the age of 18 years and not previously unchaste, a conviction may be had, even if the act was committed with the consent of the female child. *Hubert v. State,* 74 Neb. 226."

In the information the words charging force may be disregarded as surplusage, if there is no proof of violence. *Baxter v. State,* 80 Neb. 840.

For the reasons given this assignment of error is overruled.

One of the assignments of error challenges a specific ruling on evidence. The question presented arose under the following circumstances: The state adduced proof that prosecutrix was not previously unchaste. She was herself a witness on the affirmative of that issue. Another young woman, who admitted her husband had procured a divorce from her, and that she was in custody of the sheriff for fighting with her brother, testified on behalf of defendant to incidents implying the unchastity of prosecutrix. The latter, testifying in rebuttal, was permitted to say that she knew the general reputation of the witness mentioned as to "immorality," and that it was bad. Proof of the immorality of a witness whose character is not an issuable fact is admitted by some courts to impeach his veracity, and is rejected by other courts to confine evidence of collateral facts within reasonable bounds, but it does not now seem necessary to determine which is the better rule, since there is no substantial reason for an inference that defendant was prejudiced by the ruling or the testimony of which he complains. The witness whose character was at-

tacked collaterally had testified to incidents implying the unchastity of prosecutrix. Other witnesses not so impeached testified to similar incidents, but the jury refused to infer unchastity therefrom. Besides, the witness whose character was collaterally assailed admitted facts casting suspicion on herself and, in addition, manifested ill will toward prosecutrix. The direct proof of defendant's guilt, if believed, was too convincing to suggest that the jury, in considering the case on its merits, were influenced, to the prejudice of defendant, by the collateral attack on the character of one of his witnesses. The error, if any, is not sufficient ground for a reversal of the conviction.

Complaint is made of other rulings on evidence and of rulings in giving and in refusing instructions, but an examination of these assignments fails to disclose any error entitling defendant to a new trial.

The district court did err, however, in pronouncing judgment under the indeterminate sentence law, which does not apply to punishment for rape. Comp. St. 1922, sec. 10248. The sentence should have been for a definite term, and for the error alone in imposing an indeterminate sentence, the judgment is reversed and the cause is remanded for a correct sentence on the verdict already rendered by the jury.

REVERSED, AND REMANDED FOR RESENTENCE.