MELVIN D. HUGHES, PLAINTIFF IN ERROR, V. STATE OF
NEBRASKA, DEFENDANT IN ERROR.
46 N. W. 2d 904

Filed March 23, 1951. No. 32960.

*William N. Jamieson* and *Francis R. Pane,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Clarence A. H. Meyer,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

Stated generally, plaintiff in error, herein called defendant, was charged with assault with intent to commit rape. Trial was had resulting in a verdict of guilty. Motion for a new trial was made and overruled. Defendant was sentenced. He brings the cause here by

petition in error. We affirm the judgment of the trial court.

In many matters the evidence presents no dispute as to the facts.

The complaining witness, hereinafter called the witness, was at the time here involved past 13 and not 14 years of age, and living at home with her father and mother a few blocks west and a block south of 6th and Court Streets in Beatrice, Nebraska. The defendant was a married man 35 years of age, and lived with his wife and two children in the northeast part of Beatrice on 13th Street, 7 blocks east and 11 blocks north of 6th and Court Streets.

The witness weighed 105 pounds and was 5 feet 4½ inches tall. The defendant weighed 170 pounds and was 6 feet tall.

The defendant, on direct examination as a witness in his own behalf, testified that he had been thrice convicted of a felony.

The witness had worked as a baby sitter caring for children during the temporary absence of parents. On one occasion prior to the events here involved, she had cared for defendant's children and another's children. That is the only acquaintance of the witness and the defendant.

On August 26, 1950, the witness was engaged as a baby sitter for that evening and went with defendant to his home. Defendant and his wife returned home between 9:30 and 10 p. m. Defendant then started to take the witness home in an automobile. They went south 11 blocks, thence west 7 blocks on Court Street toward the witness' home. At 6th and Court Streets, a principal intersection in the business area, the car turned and went south 2 to 4 miles, turned west on a side road, and stopped with lights out. The defendant states that he took witness away from the direct route home and followed a route at her suggestion, and stopped the car at her request. They remained there for 30

minutes according to the defendant. They then returned in part by the route they had followed on the trip out and reached the witness' home about 11 p. m.

There is dispute as to what happened. The witness states the defendant began making advances early on the trip out. The defendant testifies that the witness made advances to him. The witness testified in detail and without substantial variation to the facts that defendant, after the car was stopped in the country, forcibly removed all her clothing except her T shirt, handled parts of her body, exposed his own person, and undertook to have intercourse, first while she was being held down, and later holding her on his lap when he succeeded in penetration. She testified that she resisted throughout, threatened "trouble," and finally he desisted. Defendant testified that the witness made the advances to the extent of loosening her clothing, getting on his lap, and requesting intercourse, and he resisted throughout, argued with her, and threatened to have her arrested for molesting a married man. The witness admitted that one car passed the parked car in which she and defendant were and she made no outcry because of fear.

On the return home, the witness says she tried to get out at the police station and defendant prevented it. Defendant testified that he wanted to take her to the station and the witness persuaded him not to do so. On the witness stand, the defendant admitted "necking" and "kissing" while they were at the stop in the country. He made similar admissions to police officers.

The State's evidence by the witness' mother is without dispute that when the witness reached home she was nervous, her hair disheveled, her clothing dirty, and she had been crying. She made immediate complaint to her mother. The mother and a physician testify to welts on her body on the inside of both legs near the crotch. The witness testifies that those marks were not there before the events of the evening. The physi-

cian testifies to like welts on her face and to her nervous condition.

Complaint immediately was made to the police and later the next morning the witness confronted the defendant in the presence of officers when he made the admissions above referred to.

Defendant makes 29 assignments of error here. However, he groups them into certain classifications. We undertake to consider them as made in that way.

By information it was charged that defendant, being a male person of the age of 18 years and upwards, to wit, of the age of 35 years, knowingly, unlawfully, and feloniously did make an assault upon the witness, a female child under the age of 15 years, to wit, of the age of 13 years, and did bruise and mistreat the witness with the intent feloniously, forcibly, and against her will to ravish, carnally know, and abuse the witness, contrary to the statute.

Section 28-408, R. R. S. 1943, provides: "Whoever shall have carnal knowledge of any other woman, or female child, than his daughter or sister, as aforesaid, forcibly and against her will; or if any male person, of the age of eighteen years or upwards, shall carnally know or abuse any female child under the age of eighteen years, with her consent, unless such female child so known and abused is over fifteen years of age and previously unchaste, shall be deemed guilty of rape, and shall be imprisoned in the penitentiary not more than twenty nor less than three years."

Section 28-409, R. R. S. 1943, provides: "Whoever assaults another with intent to commit a murder, rape, sodomy or robbery upon the person so assaulted, shall be imprisoned in the penitentiary not more than fifteen nor less than two years."

The trial court instructed the jury as to the elements that must be proved by the State to establish the offense of assault with intent to rape forcibly and against the

will of the female, in which no reference was made to the age of either the defendant or the witness.

The court further instructed the jury in substance that if the jury found that the State had failed to prove an assault with force and against the will of the witness, and "* * * if you find from the evidence beyond a reasonable doubt that an assault was made by the defendant upon (the witness) at the time and place as charged by the State, even though not forcibly and against her will or even with her consent, with the intent on the part of the defendant, then and there, to ravish and carnally know her, and you further find from the evidence beyond a reasonable doubt that at the time of said assault the defendant was of the age of 18 years or upwards and the said (witness) was under the age of 15 years, then you should find the defendant guilty of an assault with intent to commit a rape but without force.

"If you do not find the elments herein stated and each of them to be true beyond a reasonable doubt, then you should find the defendant not guilty of the charge of assault with intent to commit rape."

The jury found the defendant guilty of assault with intent to commit rape "but without force."

Defendant first charges that there being no common law crimes in this state, there is under these statutes no crime of assault with intent to commit rape without force; that a charge of assault with intent to commit rape with force does not include the offense of assault with intent to commit rape without force; and that accordingly the court erred in submitting to the jury the issue of assault with intent to commit rape but without force.

The first contention was definitely answered in Hall v. State, 40 Neb. 320, 58 N. W. 929, wherein we held: "* * * no force on the part of the defendant, or resistance on the part of the female, is essential to constitute the crime of rape, or of an assault with intent to commit that offense, when it is alleged and proved that the

female is under the statutory age of consent and the defendant is at least eighteen years old." See, also, Wood v. State, 46 Neb. 58, 64 N. W. 355; Edwards v. State, 69 Neb. 386, 95 N. W. 1038; Liebscher v. State, 69 Neb. 395, 95 N. W. 870.

The second contention, as well as the first, is answered in Hubert v. State, 74 Neb. 220, 104 N. W. 276, on rehearing, 74 Neb. 226, 106 N. W. 774; Baxter v. State, 80 Neb. 840, 115 N. W. 534; and Cook v. State, 111 Neb. 590, 197 N. W. 421, wherein we held: " 'Where a statute makes either of two or more distinct acts connected with the same general offense, and subject to the same measure and kind of punishment, indictable separately and as distinct crimes when committeed by different persons, or at different times, they may, when committed by the same person at the same time, be coupled in one count as constituting one offense.' " See, also, Smith v. State, 127 Neb. 776, 257 N. W. 59. It is noted that in the Baxter and Cook cases the question was presented by an attack on instructions. In the Cook case we said: "The information and evidence were sufficient to sustain a conviction under either provision of the criminal law. Only one act of carnal knowledge was charged or proved. The time, place and parties were the same, no matter how the carnal act was committed. In any event there could only be one conviction and one punishment. One trial should be sufficient, if defendant violated the law in either of the ways condemned by statute."

The rules applicable to a charge of rape in this regard apply to a charge of assault with intent to commit rape. We see no merit in this group of assignments.

At the close of the State's case-in-chief and again at the close of all the evidence defendant moved that the jury be instructed to return a verdict of not guilty on the ground that the evidence was not sufficient to sustain a conviction, and in particular that there was not sufficient corroboration. By groups of assignments of error

here defendant contends that there is not sufficient evidence of intent or of corroboration, and that the evidence of the State is consistent with a hypothesis of innocence.

The rule is: "In a prosecution for rape, it is not essential to a conviction that the prosecutrix should be corroborated by the testimony of other witnesses as to the particular act constituting the offense. It is sufficient if she be corroborated as to material facts and circumstances which tend to support her testimony, and from which, together with her testimony as to the principal fact, the inference of guilt may be drawn." Fager v. State, 22 Neb. 332, 35 N. W. 195. This rule has been repeatedly followed down to and as late as Prokop v. State, 148 Neb. 582, 28 N. W. 2d 200, 172 A. L. R. 916. The rule applies to cases involving assault with intent to commit rape. Wheeler v. State, 106 Neb. 808, 184 N. W. 883; Beer v. State, 129 Neb. 366, 261 N. W. 824; Haynes v. State, 137 Neb. 69, 288 N. W. 382. See, also, Aller v. State, 114 Neb. 59, 205 N. W. 939; Frank v. State, 150 Neb. 745, 35 N. W. 2d 816.

In the light of the fact that the larger part of defendant's brief is devoted to these questions, we have heretofore summarized the evidence as to those matters upon which the witnesses agree or about which there is no dispute and as to those matters about which the witnesses disagree.

Under these rules and weighing the evidence either as it was at the close of the State's case-in-chief or at the close of all the evidence, we find it ample to sustain the submission of the case to the jury and to sustain the jury's verdict. We find no merit in defendant's assignments above discussed. There is no merit in defendant's contention that the verdict should be set aside because of insufficient evidence to sustain it.

The judgment of the trial court is affirmed.

AFFIRMED.